**Claude Dwayne FULTZ, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Dec. 7, 1979.

Discretionary Review Denied
April 15, 1980.

---

1. See *Foremost Insurance Co. v. Shepard*, Ky., 588 S.W.2d 468, (1979).

Gordon J. Dill, Jr., Ashland, for appellant.

Robert F. Stephens, Atty. Gen., John F. Zink, Asst. Atty. Gen., Frankfort, for appellee.

Before GANT, HOWARD and WHITE, JJ.

GANT, Judge.

Appellant, along with William Robinson and Patrick Sullivan, was indicted for armed robbery. The record discloses that both Robinson and Sullivan entered a plea of guilty to robbery in the second degree and that on hearing for probation the Commonwealth Attorney stated that both were eligible for probation under KRS 533.060, as they were not "the armed individual." Subsequently, appellant was permitted to plead to the same reduced charge and, in open court, admitted that he committed the robbery "while armed with a pistol." Probation was denied as prohibited under KRS 533.060.

This appeal is predicated on two theories. The first is that KRS 533.060 is unconstitutional, which contention is disposed of in *Parrish v. Commonwealth*, Ky., 581 S.W.2d 560, 563 (1979).

The second ground was that the *Commonwealth* failed to prove that the pistol was "a weapon from which a shot or projectile may be discharged that is readily capable of producing death or other serious physical injury . . . ." We find this equally without merit. The Supreme Court of Kentucky, in interpreting the almost identical language contained in KRS 500.-080(4)(a), the "deadly weapon" statute, has held that the intent of the legislature in these cases was not to change the law that the definition is satisfied if the weapon is intended by its user to convince a victim that it is deadly and the victim is in fact convinced. *See Kennedy v. Commonwealth*, Ky., 544 S.W.2d 219, 221 (1977), and *Merritt v. Commonwealth*, Ky., 386 S.W.2d 727 (1965).

Additionally, a plea of guilty obviates the necessity of proving the elements of the crime. *See McGrew v. Commonwealth*, 308 Ky. 838, 215 S.W.2d 996 (1948), and *Waddle v. Commonwealth*, Ky., 391 S.W.2d 687 (1965). His admission to the use of a gun in the commission of an armed robbery, in answer to a direct question by the court, is sufficient to bring his application for probation within the purview of the statute.

The judgment of the Jefferson Circuit Court is affirmed.

All concur.