**James Allen PETERS, Appellant,**

v.

**Bonnie Sue PETERS, Appellee.**

Court of Appeals of Kentucky.

April 24, 1987.

James Allen Peters, pro se.

James W. Gardner, Lexington, for appellee.

Before WILHOIT, CLAYTON and MILLER, JJ.

WILHOIT, Judge.

This is an appeal from an order of the Fayette Circuit Court, entered February 11, 1987, which denied the motion of James Allen Peters to proceed on appeal in forma pauperis. CR 5.05(4); *Bush v. O'Daniel,* Ky., 700 S.W.2d 402 (1985).

The circuit court found Mr. Peters, who is an inmate at the Kentucky State Reformatory, to be a poor person within the meaning of KRS 453.190, but denied his motion to proceed in forma pauperis because

> ... this would be a frivolous appeal causing unnecessary and unwarranted cost to the Commonwealth and the Petitioner for which the assessment of damages and costs under CR 73.02 would provide no compense....

The issue before this Court is whether forma pauperis status may be denied when the movant is a poor person but the appeal is determined by the circuit court to be frivolous. While we must agree with the trial court that frivolous appeals should not be taken at public expense, and we believe that common sense as well as judicial economy favor the termination of a frivolous appeal at the earliest possible moment, we nevertheless conclude that a trial court has no authority to refuse to permit a poor person to proceed on appeal in forma pauperis only because it determines the appeal to be frivolous. Even though the trial court may be absolutely correct in such determination, to permit it to deny an appeal for that reason would be to establish it as the final judge of the correctness of its own judgment. This would be contrary to the spirit of Section 115 of the Kentucky Constitution. Furthermore, the result would be that the trial court, in effect, could determine the appeal of a poor person against that person's will while it has no such authority over the appeal of a person of means. *See* CR 73.02(2). For better or worse, the authority to dismiss a

frivolous appeal must reside with the appellate court.

Therefore, it is ORDERED that the circuit court order denying forma pauperis status be, and it is hereby, REVERSED and this appeal is REMANDED with directions that the circuit court grant the appellant's motion to proceed in forma pauperis on appeal.

All concur.