Brenda Marie AVILES, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 1998–CA–003131–MR.

Court of Appeals of Kentucky.

April 14, 2000.

---

Lisa A. DeRenard, Paducah, for Appellant.

Albert B. Chandler, III, Attorney General, Matthew Nelson, Assistant Attorney General, Frankfort, for Appellee.

Before: DYCHE, McANULTY and SCHRODER, Judges.

*OPINION*

McANULTY, Judge:

In this criminal appeal, Brenda Marie Aviles (hereinafter appellant) alleges that the trial court erred in failing to grant her probation, probation with an alternative

sentencing plan, home incarceration or pre-trial diversion. Appellant pled guilty to one count of Trafficking in a Controlled Substance in the Second Degree, one count of Trafficking in a Controlled Substance in the Third Degree, and one count of Theft by Unlawful Taking over $300. Appellant asserts that changes to Chapters 532 and 533 of the penal code in the Omnibus Crime Bill, passed during the 1998 regular session of the Kentucky General Assembly, made imposition of alternatives to incarceration mandatory for certain classes of offenders. We disagree. The statutes as amended still give discretionary authority to the trial court to determine on a case-by-case basis the appropriateness of probation or probation with alternative sentencing. Furthermore, we conclude that appellant is ineligible for the other sentencing alternatives she seeks. As we find no error, we affirm the trial court's sentence of incarceration.

Appellant's first argument is that the amendments to KRS 533.010 entitled her to probation or probation with alternative sentencing. Rather than enumerate all of the amendments, we will note the changes that appellant relies upon for her argument. KRS 533.010(2) was amended by the Omnibus Crime bill to state that probation "shall" be granted (replacing "should"), and to include language prohibiting probation when "the defendant is a violent felon as defined in KRS 439.3401 or a statute prohibits probation, shock probation, or conditional discharge." In most other respects the statute remains the same. KRS 533.010(3) was added to provide for a secondary consideration of probation with an alternative sentencing plan "[i]n the event the court determines that probation is not appropriate." It contains the language that the court "shall" grant probation with an alternative sentence if the statutory conditions are met. In each instance, the subsection states that the court shall grant the sentencing alternative unless it "is of the opinion that imprisonment is necessary for the protection of the public" because the court has found one or more of three factors to exist. The first of these deals with the potential for recidivism. In subsection (3)(a), this provision involves an analysis, somewhat different from the former standard, in which the court must find:

There is a likelihood that during a period of probation with an alternative sentencing plan or conditional discharge the defendant will commit a Class D or Class C felony or a substantial risk that the defendant will commit a Class B or Class A felony[.]

The remaining factors in subsections (2) and (3) are the same as in the former statute. Additionally, KRS 533.010(4) lists factual circumstances which do not form a basis for the trial court to determine that there is a likelihood that an offender will commit a Class C or Class D felony offense (ostensibly for KRS 533.010(3)(a) purposes). One of these circumstances is the fact that the defendant had not previously been convicted of a felony.

■ Appellant states that she is a nonviolent offender with no prior felony conviction. As a result, she concludes that the foregoing changes to KRS 533.010 entitle her "as a matter of law" to probation or probation with an alternative sentence, in particular because of the addition of the term "shall." However, we disagree that the amendments to the statute eliminate the trial court's discretion. The General Assembly retained that portion of the statute which authorizes denial of probation "for protection of the public" if the trial court finds any of the factors listed in subsections (a) through (c) of KRS 533.010(2) and (3). This language refutes appellant's assertion that the statute mandates probation for a nonviolent offender with a single felony conviction.

■ Furthermore, we agree with the Commonwealth that the standard of review in *Turner v. Commonwealth*, Ky., 914 S.W.2d 343 (1996), which held that the determination of whether to grant probation is within the discretion of the trial

court, still governs. *Turner* relied in part upon the commentary to the statute which said "the trial court must be granted substantial· discretion in deciding upon the disposition of convicted offenders." *Id.* at 348. We find no basis for concluding that the amendments to the statute have denied discretion to the trial courts.

■ In the case at bar, the trial court recited in its sentencing order that imprisonment was necessary because it found the existence of the three statutory factors in subsections (a) through (c) of KRS 533.010(2)—the likelihood that appellant would commit another offense during the period, the need of correctional treatment, and that an alternative disposition would unduly depreciate the seriousness of the crime. Appellant filed a motion to reconsider, in which she argued that the amendments entitled her to probation and inquired as to the basis for imposing a prison sentence. In its order denying the motion for reconsideration, the trial court stated that it considered probation, probation with an alternative sentencing plan and conditional discharge, but determined that implementation of any of those options in appellant's circumstances "would 'unduly depreciate the seriousness of the offense.' "

■ Appellant considers this an abuse of discretion. She concludes from the changes to the statute that if the crime is nonviolent, it cannot be the basis for determining that probation would unduly depreciate the seriousness of the offense. We do not find this criterion in the statute. The clause excluding violent felons from consideration for probation in KRS 533.010(2) does not also refer to the grant of discretion to the trial court to deny probation. Appellant may not add language to a statute where it does not exist. *Bailey v. Reeves,* Ky., 662 S.W.2d 832, 834 (1984). Had the legislature intended to so change when a court could impose imprisonment to nonviolent offenders, it was required to "use 'plain and unmistakable language' which leaves no

doubt that a departure from the prior interpretation is intended." *Butler v. Groce,* Ky., 880 S.W.2d 547, 549 (1994). The language of the statute as a whole does not support appellant's interpretation of the trial court's discretion.

Our review reveals no abuse of discretion. The trial court considered the "nature and circumstances" of appellant's particular offense rather than just the type of offense involved. This is demonstrated by the response in its order denying the motion for reconsideration that "[t]he amount of trafficking involved in this offense ... indicated a large scale operation which dictates a more severe assessment of punishment." Furthermore, from the aforementioned orders we find no basis for appellant's contention that the trial court did not sufficiently articulate its specific reason for denying probation. We conclude that the trial court followed the statute, including the recent amendments.

■ Appellant's second claim for an alternative to incarceration is that the trial court should have considered home incarceration pursuant to KRS 532.210 (also amended in the Omnibus Crime Bill of 1998). Appellant did not request home incarceration at the sentencing hearing, but did raise the question in her motion for reconsideration. Since the trial court was given a chance to consider it, we will review this argument. We agree with the Commonwealth that appellant has not demonstrated that she is eligible for home incarceration. The threshold requirement under KRS 532.210 is as follows:

Any misdemeanant or a felon who has not been convicted of, pled guilty to, or entered an Alford plea to a violent felony offense may petition the sentencing court for an order directing that all or a portion of *a sentence of imprisonment in the county jail* be served under conditions of home incarceration.

The trial court imposed a sentence of imprisonment in the state penitentiary. As such, appellant is not included in the class

of prisoners who may petition for home incarceration. Her attempt to use this provision is unavailing.

Finally, appellant has added a request on appeal for pre-trial diversion. This was not sought before the trial court and the Commonwealth Attorney as required by KRS 533.250. Appellant's argument is unpreserved. An appellate court cannot consider such issues de novo. *Todd v. Commonwealth,* Ky., 716 S.W.2d 242 (1986).

For all the foregoing reasons, we find that the trial court acted properly within its discretion in denying probation and probation with alternative sentencing. Appellant's sentence of incarceration in the penitentiary is affirmed.

ALL CONCUR.