Tracy WARE, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 1999–CA–000831–MR.

Court of Appeals of Kentucky.

June 30, 2000.

Discretionary Review Denied by Supreme Court Jan. 17, 2001.

---

384

Frank W. Heft, Jr., Daniel T. Goyette, Louisville, for Appellant.

Albert B. Chandler, III, Attorney General, Kent T. Young, Assistant Attorney General, Frankfort, for Appellee.

Before: BARBER, JOHNSON and SCHRODER, Judges.

## OPINION

BARBER, Judge:

This opinion affirms the trial court's judgment finding that Kentucky law bars Appellant Tracy Ware from consideration for probation following an armed robbery conviction.

Ware entered a guilty plea to committing the offense of robbery in the first degree by taking money from a Big Foot Food Mart while armed with a BB gun. The Commonwealth expressly objected to any probation or pre-sentence release of Ware. The Judgment of Conviction entered by the trial court stated, in pertinent part:

The Court given due consideration to the pre-sentence report, and to the nature and circumstances of the crime, and to the history, character and condition of the Defendant, the Court is of the opinion that probation should be denied for the following reasons:

(A) there is a substantial risk that the Defendant will commit another crime during any period of probation or conditional discharge;

(B) that the Defendant is in need of correctional treatment that can be provided most effectively by the Defendant's commitment to a correctional institute;

(C) probation or conditional discharge would unduly depreciate the seriousness of the Defendant's crime.

Ware asserts on appeal that the trial court failed to consider whether she was eligible for probation as required by KRS 533.010. The record is clear in showing that the trial court made such a determination, and found that Ware was not eligible for probation at the time the judgment and sentence were entered. We find no reversible error in the denial of probation based on the record.

The Commonwealth argued that this appeal is improper as Ware had entered into an unconditional guilty plea to the crime

charged. Appellee also states that the record reflected that Ware was an inappropriate candidate for probation. The Commonwealth asserted that Ware had used a weapon capable of firing projectiles which could cause death or serious physical injury in the commission of the charged offense and was, therefore, ineligible for probation pursuant to KRS 533.060.

Ware argues that "since sentencing is jurisdictional it cannot be waived by failure to object." *Wellman v. Commonwealth*, Ky., 694 S.W.2d 696, 698 (1985). Section 115 of the Kentucky Constitution provides any litigant the right to appeal his sentence. Ware relies on case law showing that a person may appeal denial of shock probation after sentencing. Even an appellant who has entered an unconditional plea of guilty to the charged offenses may appeal the sentence imposed on him where he asserts that the trial court acted without authority in rendering the sentence. *Gaither v. Commonwealth*, Ky., 963 S.W.2d 621, 622 (1998). In *Haymon v. Commonwealth*, Ky., 657 S.W.2d 239 (1983), the appellant was permitted to appeal the denial of shock probation, despite entry of a guilty plea. Ware asserts that the same rationale should be applied in the present case. We agree, and find that Ware's action is properly before this Court.

Ware's request for reversal on appeal centers on whether the use of the BB gun in the commission of an armed robbery precludes a grant of probation to the defendant. We find that it does. The power of the courts to grant probation is provided by the legislature. *Lovelace v. Commonwealth*, 285 Ky. 326, 147 S.W.2d 1029 (1941). KRS 533.060 constitutes a restriction on this power. KRS 533.060(*l*) provides, in pertinent part:

> When a person has been convicted of an offense or has entered a plea of guilty to an offense classified as a Class A, B, or C felony, and the commission of the offense involved the use of a weapon from which a shot or projectile may

discharge that is readily capable of producing death or other serious physical injury, the person shall not be eligible for probation, shock probation, or conditional discharge. . . .

First-degree robbery is a Class B felony. A person is guilty of first-degree robbery if he "uses or threatens the immediate use of physical force upon another person with intent to accomplish the theft and when he is . . . armed with a deadly weapon." KRS 515.020(1)(b). A deadly weapon is defined as "[a]ny weapon from which a shot, readily capable of producing death or other serious physical injury, may be discharged. . . ." KRS 500.080(4)(a). A BB gun fits within the definition used in KRS 533.060(1).

Clearly, a BB gun is capable of causing serious physical injury. *Skaggs v. Assad, by and through Assad*, Ky., 712 S.W.2d 947 (1986). In *Fultz v. Commonwealth*, Ky.App., 596 S.W.2d 28, 29 (1980), this Court rejected the argument that the Commonwealth must prove that the weapon used was operable before the bar of KRS 533.060(1) applies. The Court held that "admission to the use of a gun in the commission of an armed robbery . . . is sufficient to bring his application for probation within the purview" of KRS 533.060(1). *Id.* at 29. As long as the weapon used in the commission of an offense fits the statutory requirement of a weapon which can fire projectiles capable of causing serious injury or death, then the statute bars probation of the offender.

Although KRS 533.010 permits probation under certain circumstances, the more specific provisions of KRS 533.060 bar probation under a clearly defined set of facts. Where two statutory provisions conflict, the more specific provision takes precedence over the general provision. *See Porter v. Commonwealth*, Ky., 841 S.W.2d 166, 169 (1992), holding that a statute barring consideration of probation for sex offenders should prevail over the gen-

eral consideration of alternative sentencing statute. Kentucky law requires that:

> Where the words of the statute are clear and unambiguous and express the legislative intent, there is no room for construction or interpretation and the statute must be given its effect as written.

*Lincoln County Fiscal Court v. Department of Public Advocacy,* Ky., 794 S.W.2d 162, 163 (1990). The only exception to the rule that offenders using a gun in the commission of an offense are barred from probation is found where the offender is a juvenile, and therefore subject to the provisions of KRS Chapter 640. *See Britt v. Commonwealth,* Ky., 965 S.W.2d 147, 150 (1998). Ware does not fit within the provisions of the juvenile offender statutes, and therefore is barred from probation by KRS 533.060.

The statutory language is clear in holding that Ware is not entitled to a grant of probation in this case. For this reason, we affirm the trial court's ruling.

ALL CONCUR.