Tim DONOVAN, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 1999–CA–002440–MR.

Court of Appeals of Kentucky.

Feb. 9, 2001.

Discretionary Review Denied by Supreme Court Denied Dec. 12, 2001.

---

23. *Mr. B's Lounge, supra.*

Frank W. Heft, Jr., Office of Jefferson District Public Defender, Daniel T. Goyette, Jefferson District Public Defender Of Counsel, Louisville, for Appellant.

Albert B. Chandler, III, Attorney General, Matthew D. Nelson, Assistant Attorney General Frankfort, for Appellee.

Before Chief Judge, GUDGEL,
BARBER and SCHRODER, Judges.

## OPINION

BARBER, Judge:

Appellant Tim Donovan (Donovan) was indicted and charged with first degree rape in 1996. Retained defense counsel withdrew from the action several months later. Donovan, who was free on bond, did not appear at the hearing on the motion to withdraw, and a bench warrant was issued for him. A public defender was appointed for Donovan by the trial court, pursuant to KRS 31.110(1)(a), as it appeared that Donovan could not afford to pay for legal representation, as defined in KRS 31.120. Following a hearing on the bench warrant, Donovan was again released on bail. At trial, the jury found Donovan not guilty on all counts. After the verdict was rendered, the trial court imposed a $2000 public defender recoupment fee on Donovan. KRS 31.120(4) permits the trial court to assess a recoupment fee against a defendant who was represented by the Department of Public Advocacy where the defendant has the ability to make such a payment. This fee was later reduced to $1250 when Donovan filed a motion showing that $1250 was the maximum sum allowable for public representation in a felony case.

Donovan appealed the imposition of the recoupment fee. On appeal, this Court remanded and directed that the trial court hold a hearing to determine Donovan's ability to pay the recoupment fee, the amount of the fee, and the terms of payment. Following the hearing, the trial court again imposed a recoupment fee in the sum of $1250, and ordered that Donovan make payments on this debt in the sum of $50 per month.

Donovan argues that the imposition of the recoupment fee is an abuse of discretion because $1250 is beyond his financial means. At the hearing before the trial court, counsel for Donovan argued that he could not afford the recoupment fee. The trial court heard testimony to the effect that Donovan had lost his job due to the charges and the time spent in jail, he had taken bankruptcy, and that he had numerous outstanding non-dischargeable debts. Donovan had no property or other assets. The trial court also heard testimony, that subsequent to the arrest and release on bond, Donovan had a job at an automobile dealership earning approximately $300 a week. Donovan was earning this salary at

the time the public defender was appointed to represent him at trial, and was earning this salary at the time of trial.

■ Donovan also testified at the hearing ordered by this Court regarding his ability to pay the recoupment fee. He stated that he had established his own business which was solvent, and that his girlfriend assisted him in payment of his outstanding debts and expenses. The trial court entered an order stating that Donovan had the ability to pay the fee. The trial court stated that "this award is based upon the Defendant's financial ability to pay in November 1997, the quality of representation, the length of trial and the reasonable cost a private attorney would charge for representation. . . ." Donovan objects to the trial court's finding that he had the financial ability to pay the recoupment fee, claiming that because he was considered a needy person pursuant to KRS 31.100(3)(a), and was appointed counsel to represent him at trial, he cannot later be found capable of paying a fee for those legal services. Donovan did receive competent and able legal representation and other services detailed in KRS 31.110(1)(a), without having to pay for these services in a lump sum, or prior to commencement of representation.

KRS 31.120(4) permits the imposition of a recoupment fee by a trial court "to the extent that [the defendant] . . . is able to provide for an attorney, the other necessary services and facilities of representation, and court costs. . . ." The trial court held that he was able to pay for the legal representation he received, and allowed him to make monthly payments on the fee assessed. The trial court's finding that Donovan was able to pay the recoupment fee on the monthly payment terms proposed by the trial court was not clearly erroneous, therefore, we affirm the order imposing such a fee.

■ Donovan asserts that imposition of a recoupment fee on a defendant who is acquitted of all charges violates the right to counsel, the Due Process Clause, and the Equal Protection Clause of the United States and Kentucky Constitutions. The trial court denied that the imposition of a recoupment fee was unconstitutional, and stated that:

> The Defendant's Motion challenging the constitutionality of KRS 31.120(4), which mandates the Court order payment of a fee for representation by the District Public Advocate, is DENIED. The statute makes no exception for persons who are charged and subsequently acquitted or whose charges are dismissed. The Defendant is not denied his right to counsel when a fee is ordered, even after acquittal, as there are Defendants who hire private counsel and pay for their representation in advance. If acquitted, they do not receive a refund from private counsel or from the government.

■ A recoupment fee may only be found unconstitutional if it arbitrarily discriminates against indigents, or encourages the indigent person to do without counsel. See: *James v. Strange,* 407 U.S. 128, 134, 92 S.Ct. 2027, 32 L.Ed.2d 600 (1972). The United States Supreme Court has held that a recoupment fee may protect the state from concealment of assets, or fraudulent claims of indigency. *Id.* at 141, 92 S.Ct. 2027. Defendants who have had the costs of representation borne by the state should reimburse the state for that percentage of the costs they are able to afford. *United States v. Kahan,* 415 U.S. 239, 243, 94 S.Ct. 1179, 39 L.Ed.2d 297 (1974). Donovan cites to foreign case law which holds that a defendant who is acquitted, or whose conviction is overturned on appeal, is not required to pay a recoupment fee. See: *State v. Blank,* 131 Wash.2d 230, 930 P.2d 1213 (1997); *Olson*

*v. James,* 603 F.2d 150 (10th Cir.1979). The Commonwealth cites case law showing that recoupment fees should be assessed on the basis of the defendant's ability to pay such fees. *United States v. Durka,* 490 F.2d 478, 479 (7th Cir.1973).

In *Fuller v. Oregon,* 417 U.S. 40, 42, 94 S.Ct. 2116, 40 L.Ed.2d 642 (1974), the United States Supreme Court stated that:

A defendant whose trial ends without conviction or whose conviction is overturned on appeal has been seriously imposed upon by society without any conclusive demonstration that he is criminally culpable. His life has been interrupted and subjected to great stress, and he may have incurred financial hardship through loss of the job or potential working hours. His reputation may have been greatly damaged.

*Id.* at 49–50., 94 S.Ct. 2116 For that reason, the United States Supreme Court did not find unconstitutional a state statute which required only convicted defendants to pay for their defense. That case differs from the present in that the state law reviewed therein permitted disparate treatment of acquitted and convicted defendants. In Kentucky, all defendants are treated equally, and those who are capable of paying the recoupment fee may have it assessed against them.

The United States Supreme Court also held that it is improper to treat defendants who are successful differently than those who are convicted or whose appeals are denied, in absence of a state law so permitting. *See Rinaldi v. Yeager,* 384 U.S. 305, 307, 86 S.Ct. 1497, 16 L.Ed.2d 577 (1966), holding that it was unconstitutional to require only those defendants who were unsuccessful on appeal to pay the cost of the transcripts used on appeal.

Requiring an indigent defendant who has been acquitted at trial to then pay for services provided by defense counsel has been found unconstitutional. In *State ex rel. Brundage v. Eide,* 83 Wash.2d 676, 521 P.2d 706 (1974), the Washington Supreme Court argued that such a recoupment law unconstitutionally impaired the defendant's 6th Amendment right to counsel. The court held that "[a] person cannot be influenced to surrender a constitutional right by imposing a penalty on its use." *Brundage,* 521 P.2d at 708. Donovan argues that where a defendant knows that if he elects to have counsel appointed for him some unspecified recoupment fee may be imposed, there is a chilling effect on the right to counsel, and some defendants may choose unwisely to proceed pro se.

Kentucky law holds that an indigent person is appointed counsel where he meets the statutory definition of needy. KRS Chapter 31. A recoupment fee is assessed without regard to guilt or innocence, and only as to those defendants who have the ability to pay a percentage of counsel's fees. Indigent defendants are protected from having to appear pro se by the laws allowing them counsel. They do not have to pay private counsel's fees, prepay for legal services, or have the ability to pay related expenses at the time of trial. Permitting the trial court to order those defendants who are able to pay a portion of their defense costs following trial is neither unreasonable nor unconstitutional.

■■ The recoupment fee is not a penalty, as was the law in the case of *Giaccio v. Pennsylvania,* 382 U.S. 399, 86 S.Ct. 518, 15 L.Ed.2d 447 (1966), cited by Donovan in support of his position, but is a civil cost assessed against those able to pay it following trial, regardless of the outcome. Donovan asserts that the recoupment statute is a violation of the equal protection rights of criminal defendants. We do not find this to be so. The fee is assessed on the basis of ability to pay, and has no

relationship to the guilt or innocence of the defendant. Donovan claims that the recoupment statute influences the defendant to surrender his constitutional right to counsel by imposing a penalty on its use. We disagree. Indigent defendants are represented free of charge according to state law. A recoupment fee is only assessed after the representation is complete, and only where the defendant can afford to pay a percentage of the defense costs on reasonable terms. The fee is not a penalty, but is merely a partial recoupment of the costs expended by the state to protect those in need.

ALL CONCUR.