Merrimack
No. 2006-291

STATE OF NEW HAMPSHIRE

v.

JOSEPH S. HAAS, JR.

Submitted: April 5, 2007
Opinion Issued: June 26, 2007

*Kelly A. Ayotte*, attorney general (*Nicholas Cort*, assistant attorney general, on the memorandum of law), for the State.

Joseph S. Haas, Jr., by brief, *pro se*.

*James T. Brooks*, assistant appellate defender, of Concord, on the brief, for the Appellate Defender Program, as *amicus curiae*.

DALIANIS, J. The defendant, Joseph S. Haas, Jr., appeals an order of the Superior Court (*Fitzgerald*, J.) requiring him to reimburse the State for counsel fees as directed by the State Office of Cost Containment (OCC). *See* RSA 604-A:9, I (2001). We affirm.

The defendant was charged with improper influence pursuant to RSA 640:3 (1996) (amended 2006), and counsel was appointed to represent him. The Superior Court (*McGuire*, J.) dismissed the charge, ruling that the statute was unconstitutionally overbroad. After dismissal, the defendant was ordered to reimburse the State under RSA 604-A:9 (2001) for the costs of his legal representation. This appeal followed.

The defendant argues that RSA 604-A:9 is unconstitutional, violating the substantive due process protections of Part I, Article 15 of the New Hampshire Constitution and the Fourteenth Amendment of the United States Constitution because it applies to acquitted defendants. The *amicus*

*curiae* asserts that relieving a defendant who has been acquitted "from having to reimburse the State for the costs of his defense is simple 'elemental fairness.'" In support of his position, the defendant cites dicta from a non-precedential *Opinion of the Justices* in which we said, "Indeed, to require a defendant who has been acquitted to reimburse the State for expenses resulting from the State's prosecution would certainly be unfair and perhaps unconstitutional." *Opinion of the Justices*, 121 N.H. 531, 537 (1981). During the intervening quarter century, however, jurisprudence has developed to the contrary. For the most part, recoupment statutes have been held to be constitutional—especially in the face of due process challenges. *See Curry v. Wilson*, 853 S.W.2d 40, 46 (Tex. Crim. App. 1993) ("[I]t is not an inherent violation of due process for the State to take reasonable steps to collect on expenditures made on behalf of those who have the ability to off-set the State's expenses."); *Donovan v. Commonwealth*, 60 S.W.3d 581, 583 (Ky. Ct. App. 2001) ("A recoupment fee may only be found unconstitutional if it arbitrarily discriminates against indigents, or encourages the indigent person to do without counsel.").

We first address the defendant's claim under the State Constitution, *State v. Ball*, 124 N.H. 226, 231 (1983), and cite federal opinions for guidance only, *id.* at 232-33.

As neither the defendant nor the *amicus curiae* argue that a fundamental right is at issue, we apply the rational basis test. *See Akins v. Sec'y of State*, 154 N.H. 67, 71 (2006); *Washington v. Glucksberg*, 521 U.S. 702, 720, 728 (1997); *cf. Fuller v. Oregon*, 417 U.S. 40, 48-49 (1974) (applying rational basis review to equal protection challenge to statute requiring convicted defendants to repay costs of defense).

The defendant argues that the recoupment statute is unconstitutional as applied to acquitted defendants like him. The rational basis test under the State Constitution requires that legislation be only rationally related to a legitimate governmental interest. *McKenzie v. Town of Eaton Zoning Bd. of Adjustment*, 154 N.H. 773, 778 (2007). The party challenging the legislation as violating the rational basis test has the burden of proof. *Boulders at Strafford v. Town of Strafford*, 153 N.H. 633, 642 (2006).

█ The defendant has not met his burden of establishing the statute's unconstitutionality. The purpose of the statute is to require that those who are financially able to do so, pay for a service that they received from the State. There is nothing illegitimate in the governmental interest in recouping costs expended for public defense whether or not the defendant is convicted. Moreover, the statutory scheme under RSA 604-A:9 is rationally related to this purpose in that it inquires into a defendant's

ability to pay and outlines procedures for recoupment orders, collection and appeal of such orders.

Recoupment statutes like New Hampshire's are not unusual. At least a dozen other states, as well as the federal government, do not distinguish between acquitted and convicted defendants. *See* 18 U.S.C.A. § 3006A (f) (Supp. 2007); CAL. PENAL CODE § 987.8 (Deering 1998); COLO. REV. STAT. § 21-2-106 (2006); IDAHO CODE § 19-858 (Michie 2004); 725 ILL. COMP. STAT. ANN. 5/113-3.1 (2006); KY. REV. STAT. ANN. § 31.120 (Michie Supp. 2006); LA. CODE CRIM. PROC. ANN. art. 15-148 (Lexis Nexis Supp. 2006); MD. ANN. CODE art. 27-A, § 7 (2003); N.M. STAT. ANN. § 31-16-7 (Michie 2000); OHIO REV. CODE ANN. § 2941.51 (Anderson 2006); S.C. CODE ANN. § 17-3-30 (West 2003); TEX. CRIM. PROC. CODE ANN. § 26.05 (Vernon Supp. 2006); WIS. STAT. § 977.06 (2005-06).

*Fuller*, cited by the *amicus curiae*, and *Olson v. James*, 603 F.2d 150 (10th Cir. 1979), upon which the defendant heavily relies, do not require a different result. *Olson* dealt with a challenge to a Kansas recoupment statute. The Kansas statute was found to violate due process because it neither inquired into "present and future financial resources of the criminal defendant" nor provided for "proceedings which would determine" the defendant's financial condition. *Olson*, 603 F.2d at 155. By contrast, RSA 604-A:9 does both of these things. And, *Fuller* merely held that it is not a violation of equal protection for a state to distinguish between acquitted and convicted defendants—if it so chooses. *Fuller*, 417 U.S. at 49-50. So, "while *Fuller* finds a rational basis for distinguishing between those convicted and those acquitted, the rational basis does not *require* the distinction." *People v. Kelleher*, 452 N.E.2d 143, 145 (Ill. App. Ct. 1983) (emphasis added), *cert. denied*, 466 U.S. 907 (1984).

 In conclusion, we hold that the statute bears a rational relationship to the legitimate government interest of recouping costs from defendants who can afford to pay for the legal services they receive from the State. The Federal Constitution offers the defendant no greater protection than does the State Constitution under these circumstances. *Akins*, 154 N.H. at 71; *Glucksberg*, 521 U.S. at 720, 728. Therefore, we reach the same conclusion under both constitutions.

*Affirmed.*

BRODERICK, C.J., and DUGGAN, GALWAY and HICKS, JJ., concurred.