Shawn WINDSOR, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 2007–SC–000039–MR.

Supreme Court of Kentucky.

April 24, 2008.

Daniel T. Goyette, Louisville Metro Public Defender, J. David Niehaus, Deputy Appellate Defender, Office of the Louisville Metro Public Defender, Louisville, KY, Counsel for Appellant.

Jack Conway, Attorney General, David A. Smith, Assistant Attorney General, Office of the Attorney General, Criminal Appellate Division, Frankfort, KY, Counsel for Appellee.

Opinion of the Court by Justice SCHRODER.

The issue in this case is whether an unconditional guilty plea automatically waives a direct appeal authorized by Section 115 of the Kentucky Constitution. Although the AOC guilty plea form no. 491 used in this case does contain an express waiver of a direct appeal, the waiver is not absolute. Therefore, the case must be remanded for reinstatement of the right to appeal.

Against the advice of counsel, Shawn Windsor entered an unconditional plea of guilty to two counts of murder (and two other charges). At the time he entered a guilty plea, he requested the judge impose the death penalty. At the sentencing hearing, the judge entered a sentence of death on each murder charge (as well as sentences on the other two offenses). In the court's "Judgment of Conviction and Sentence", entered November 17, 2006, the Appellant was found guilty of two counts

of Capital Murder (and the two other charges), and sentenced to death on each murder count. The judgment also contained a notice to the Appellant "that he has the right to appeal and that, if he is unable to pay the costs of appeal or employ counsel for appeal, the Court will appoint counsel and will grant the [Appellant] the right to file his appeal *in forma pauperis.*" Subsequently, appointed counsel filed a motion to proceed *in forma pauperis* on appeal. The Commonwealth objected on grounds that Appellant had waived his right of direct appeal pursuant to his guilty plea. By "Order Amending Judgment", entered December 13, 2006, the circuit court amended the judgment "to reflect that the [Appellant] has no right to appeal but the Judgment will receive the mandatory review by the Kentucky Supreme Court as provided by statute."

■ Appellant contends that the amended judgment, to the extent that it extinguishes his constitutional right to appeal, constitutes error. We agree. While an unconditional guilty plea waives the right to appeal many constitutional protections as well as the right to appeal a finding of guilt on the sufficiency of the evidence, *Taylor v. Commonwealth,* 724 S.W.2d 223, 225 (Ky.App.1986), there are some remaining issues that can be raised in an appeal. These include competency to plead guilty;[1] whether the plea complied with the requirements of *Boykin v. Alabama,* 395 U.S. 238, 244, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969);[2] subject matter jurisdiction and failure to charge a public offense;[3] and sentencing issues.[4] In *Roe*

*v. Flores–Ortega,* the United States Supreme Court recognized that "a guilty plea *reduces* the scope of potentially appealable issues." 528 U.S. 470, 480, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000) (emphasis added). Because some issues do survive an express waiver of the right to appeal, the trial court's amended judgment was in error.

■ Further, a trial court must allow a qualifying appellant to proceed on appeal *in forma pauperis,* even when the trial court is of the opinion the appeal is frivolous. Otherwise, the result would be the trial court deciding the appeal for a poor person whereas a person paying the filing fee would have another court, an appellate court, review the issue. *Peters v. Peters,* 728 S.W.2d 541 (Ky.App.1987).

For the foregoing reasons, we reverse the trial court's order of December 13, 2006, which amended the November 17, 2006, judgment to delete the right to appeal. We remand for reinstatement of the November 17, 2006, "Judgment of Conviction and Sentence". Further appeals, if any, should be of that judgment and sentence, filed within 30 days of the order reinstating said judgment and sentence.

All sitting. All concur.

---

1. *Thompson v. Commonwealth,* 147 S.W.3d 22 (Ky.2004). In the present case, Appellant's competency to enter a plea was raised by defense counsel at the plea hearing with the trial court finding Appellant competent.

2. *Johnson v. Commonwealth,* 103 S.W.3d 687, 691 (Ky.2003).

3. RCr 8.18.

4. *Ware v. Commonwealth,* 34 S.W.3d 383, 385 (Ky.App.2000); *Hughes v. Commonwealth,* 875 S.W.2d 99, 100 (Ky.1994).