**Rocky Chad McENTIRE, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 2009–CA–000916–MR.

Court of Appeals of Kentucky.

Nov. 5, 2010.

As Modified Nov. 19, 2010.

Discretionary Review Denied by Supreme Court Aug. 17, 2011.

J. David Niehaus, Louisville, KY, for appellant.

Jack Conway, Attorney General of Kentucky, Jason B. Moore, Assistant Attorney General, Frankfort, KY, for appellee.

Before KELLER, MOORE, and STUMBO, Judges.

*OPINION*

KELLER, Judge:

Rocky Chad McEntire (McEntire) appeals from a judgment of the Jefferson Circuit Court following his conditional guilty plea to first-degree rape and kidnapping. For the reasons set forth below, we affirm in part, reverse in part, and remand.

FACTS

On August 20, 2007, McEntire was indicted by a Jefferson County Grand Jury and was charged with first-degree rape and kidnapping. At his arraignment, McEntire was represented by private counsel and he entered a plea of not guilty to the charges. On September 20, 2007, McEntire's private counsel filed a motion to withdraw as counsel and for the Jefferson Circuit Court to appoint a public defender. As grounds for the motion, counsel stated that McEntire did not have sufficient resources to defend against the charges as "the defense may reasonably be anticipated to require ancillary services such as an investigator and experts in various professions." The trial court granted the motion and appointed a Louisville Metro Public Defender to represent McEntire.

On December 5, 2007, McEntire filed a motion to suppress statements he made to Louisville Metro Police Detectives, arguing that his statements were not made voluntarily or knowingly. A suppression hearing was held on January 30, 2008, and on March 11, 2008, the trial court entered an order denying McEntire's motion. On January 22, 2009, McEntire entered a conditional guilty plea to kidnapping and to an amended charge reducing first-degree

rape from a Class A felony to a Class B felony. McEntire's plea bargain reserved the right to appeal the trial court's order denying his motion to suppress. On April 15, 2009, the trial court entered a final judgment of conviction and sentenced McEntire to ten years' imprisonment on each conviction with the sentences to run concurrently. Additionally, the trial court ordered McEntire to pay court costs in the amount of $125 and pay a partial recoupment fee of $200 for representation by the Louisville Metro Public Defenders' Office. Finally, the judgment noted that McEntire was required to register as a sex offender under Kentucky Revised Statute(s)(KRS) 17.520 for lifetime. This appeal followed.

## ANALYSIS

■ Initially, we note that pursuant to Kentucky Rule(s) of Criminal Procedure (RCr) 8.09, McEntire reserved the right to appeal the trial court's denial of his motion to suppress. However, in this appeal, McEntire makes no argument that the denial of that motion was error. Instead, McEntire first argues that the trial court erred by imposing court costs and a public defender fee against him. McEntire's second argument is that his "sentence" of lifetime registration as a sex offender constitutes cruel and unusual punishment under the Eighth Amendment of the United States Constitution and Section 17 of the Kentucky Constitution.

As to the court costs and attorney fees, McEntire contends that the trial court erred in ordering him to pay these costs without first holding a hearing. In support of his argument, McEntire cites to KRS 31.211(1), which provides the following:

At arraignment, the court shall conduct a nonadversarial hearing to determine whether a person who has requested a public defender is able to pay a partial fee for legal representation, the other necessary services and facilities of representation, and court costs. The court shall order payment in an amount determined by the court and may order that the payment be made in a lump sum or by installment payments to recover money for representation provided under this chapter. This partial fee determination shall be made at each stage of the proceedings.

The Commonwealth concedes that the trial court failed to hold a "nonadversarial hearing" or inquire whether McEntire had the ability to pay court costs and a partial fee for legal representation by a public defender. However, the Commonwealth does contend that McEntire failed to preserve this issue in writing when he entered his conditional guilty plea pursuant to RCr 8.09, and thus waived the right to appeal this issue.

RCr 8.09 states that "a defendant may enter a conditional plea of guilty, reserving in writing the right, on appeal from the judgment, to review of the adverse determination of any specified trial or pretrial motion." In *Dickerson v. Commonwealth,* 278 S.W.3d 145, 149 (Ky.2009), the Supreme Court of Kentucky set forth certain circumstances in which an issue raised on appeal from a conditional guilty plea is properly preserved for review. The Court held that it would consider such issues on appeal only if they:

(1) involve a claim that the indictment did not charge an offense or the sentence imposed by the trial court was manifestly infirm, or (2) the issues upon which appellate review are sought were expressly set forth in the conditional plea documents or in a colloquy with the trial court, or (3) if the issues upon which appellate review is sought were brought to the trial court's attention before the entry of the conditional guilty

plea even if the issues are not specifically reiterated in the guilty plea documents or plea colloquy.

Furthermore, as noted in *Windsor v. Commonwealth*, 250 S.W.3d 306, 307 (Ky. 2008), a waiver of the right to appeal in a guilty plea does not extinguish all appealable issues. Rather, some issues "survive an express waiver of the right to appeal[.]" *Id.* These issues include "competency to plead guilty; whether the plea complied with the requirements of *Boykin v. Alabama*, 395 U.S. 238, 244, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); subject matter jurisdiction and failure to charge a public offense; and sentencing issues." *Id.* (citations omitted).

We have found no published cases addressing this factual situation precisely, and it is unclear whether this issue is of the type listed in *Windsor* that survives an express waiver of the right to appeal. However, the unpublished opinion of the Supreme Court of Kentucky in *Craven v. Commonwealth*, 2006 WL 1650968 (Ky. 2006)(2004–SC–000793–MR), is instructive. In *Craven*, the appellant plead guilty to complicity to murder. The final judgment and sentence required payment of court costs and attorney fees to the Department of Public Advocacy. The appellant argued that the trial court was required to hold a hearing prior to ordering the appellant to pay these costs. Relying on KRS 31.211(1), the Court noted that the trial court failed to conduct a "nonadversarial hearing" for the purpose of determining whether the appellant could pay these costs. Thus, the Court remanded the case to the trial court for further proceedings to determine whether the appellant had the ability to pay these costs. *Id.* at *1–*2.

The Court in *Craven* did not directly address whether the appellant waived her right to appeal the assessment of court costs and attorney fees by entering a guilty plea. However, by addressing it, the Court implicitly acknowledged that the appellant did not waive her right to appeal this issue. In light of *Craven*, we conclude that McEntire did not waive his right to appeal the issue of whether the trial court failed to hold a "nonadversarial hearing" as required by KRS 31.211(1).

■ We do note however that this issue was not properly preserved for our review. Therefore, any error may be "noticed on appeal only if the error is 'palpable' and 'affects the substantial rights of a party[.]'" *Commonwealth v. Jones*, 283 S.W.3d 665, 668 (Ky.2009) (citations omitted). Because an inquiry as to McEntire's ability to pay the public defender and court costs should have been made, *Donovan v. Commonwealth*, 60 S.W.3d 581 (Ky. App.2001), we are utilizing our discretion, in the interest of justice, to remand this case for further proceedings. RCr 10.26. On remand, the trial court shall hold a "nonadversarial hearing" to determine whether McEntire has the ability to pay the assessed costs and fees as required by KRS 31.211(1).

■ McEntire next argues that his "sentence" of lifetime registration as a sex offender constitutes cruel and unusual punishment under the Eighth Amendment of the United States Constitution and Section 17 of the Kentucky Constitution. We disagree.

As noted by the Supreme Court of Kentucky in *Hyatt v. Commonwealth*, 72 S.W.3d 566, 572 (Ky.2002), "the designation of sexual predator is not a sentence or a punishment but simply a status resulting from a conviction of a sex crime." The Court further stated that registration does "not constitute a disability or restraint; ..." *Id.* Because registration as a sex offender is not "a punishment but simply a status," we conclude that lifetime registra-

tion as a sex offender does not constitute cruel and unusual punishment.

We note that the Commonwealth contends that McEntire waived his right to appeal this issue by entering a guilty plea. Because McEntire does not prevail on his argument that lifetime sex offender registration is cruel and unusual punishment, the Commonwealth's argument that McEntire waived this issue is moot.

## CONCLUSION

For the foregoing reason, the judgment of the Jefferson Circuit Court is affirmed in part, reversed in part, and remanded.

STUMBO, Judge, Concurs.

MOORE, Judge, Concurs in Result Only.