**Melissa ARNETT, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 2010–CA–001903–MR.**

Court of Appeals of Kentucky.

Oct. 7, 2011.

Discretionary Review Denied by Supreme Court June 13, 2012.

---

Katherine M. Paisley, James I. Lowry, IV, Lexington, KY, for appellant.

Jack Conway, Attorney General of Kentucky, Christian K.R. Miller, Assistant Attorney General, Frankfort, KY, for appellee.

Before CAPERTON, KELLER, and LAMBERT, Judges.

## OPINION

LAMBERT, Judge:

Melissa Arnett entered a conditional guilty plea to one count of first-degree sexual abuse for criminal acts committed against one of her students, receiving an agreed sentence of imprisonment for forty months. She now appeals whether the trial court may probate her sentence.

Arnett was a teacher at Bourbon County High School. As a result of sexual contact with A.C., a sixteen-year-old student in Arnett's class, the Bourbon County Grand Jury indicted Arnett on one count of first-degree sexual abuse. The uniform citation recites the facts of the crime as follows:

> Through investigation into an allegation of sexual abuse it has been learned that defendant, a Bourbon County high school teacher[,] subjected a minor less than 18 years of age to sexual contact (intercourse) on at least 5 occasions, one of which occurred within the boundaries of Bourbon County, Kentucky. Phone records, interviews, and a subsequent confession to this allegation by the defendant confirms that the defendant, being a person in a position of authority and special trust subjected a minor less than 18 years of age, with whom she comes into contact as a result of that position, to sexual contact.

Soon after being arraigned, Arnett moved the trial court to enter a conditional guilty plea. The Commonwealth's offer was a 40–month imprisonment sentence for a guilty plea to one count of first-

degree sexual abuse. The plea was conditional on Arnett appealing whether first-degree sexual abuse is a probation eligible charge. Arnett filed a two-paragraph supporting memorandum which states as follows:

Comes now the Defendant, represented by counsel, and moves this Court to probate her in accordance with KRS 532.045. KRS 532.045(3) states, "If a person is not otherwise prohibited from obtaining probation or conditional discharge under subsection (2), the court may impose on the person a period of probation or conditional discharge." Subsection (2) of the statute enumerates certain crimes for which probation is not available. Ms. Arnett is before the court for sentencing on the charge of Sexual Abuse 1st Degree, KRS 510.110; this crime is not one of those enumerated by subsection (2). Therefore, subsection (3) applies and the Defendant is eligible for probation.

Wherefore Ms. Arnett states that she is not only eligible for probation but asks this Court to grant her that privilege.

The Commonwealth likewise filed a memorandum. It argued that first-degree sexual abuse is a violent offense pursuant to Kentucky Revised Statutes (KRS) 439.3401. The Commonwealth argued that KRS 532.047, which prohibits granting probation to people who have been designated as violent offenders, controlled in the instant case.

The trial court accepted the conditional guilty plea and set sentencing for September 9, 2010. On that date, Arnett requested that the court not consider probation because the court had already ruled it could not statutorily probate Arnett. The trial court noted that case law indicated it could still make the alternative determination of whether it would grant probation. Arnett requested a continuance to collect evidence concerning why her sentence should be probated. The trial court granted the request and set the hearing for a month-and-a-half later.

On October 14, 2010, Arnett was formally sentenced. At that hearing, Arnett offered evidence that she should be probated, including numerous letters from family members and people in the community; a letter written by Arnett, herself; and the testimony of Dr. Breeding, Arnett's sexual offender therapist.

The victim's mother testified to the terrible effects Arnett's crime had caused on A.C.'s life. She testified that the victim had been made fun of at school, on Facebook, and on Topix. He avoids going to school because he has been humiliated. Moreover, the victim's mother stated that she had confronted Arnett prior to her arrest, and Arnett nonetheless subsequently took the victim to Mt. Sterling, where she was caught. The victim's mother indicated that the family was still dealing with the horrible effects of the crime and needed some closure that they hoped to receive by Arnett being sentenced to prison. She asked the Court to deny probation and have Arnett serve prison time.

The Commonwealth then noted that Arnett's statement to probation and parole essentially placed blame on the victim for the sexual crime, and her confession did not align with the results of the investigation.

Following this evidence, the trial court formally sentenced Arnett to forty months' imprisonment in an order entered on October 15, 2010. The trial court denied probation, finding: (1) "probation with alternative sentencing plan, or conditional discharge would unduly depreciate the seriousness of the Defendant's crime;" and (2) "Defendant is ineligible for probation, probation with an alternate sentenc-

ing plan, or conditional discharge because of the applicability of KRS 532.080, KRS 439.3401, or KRS 533.060[.]"

Arnett requested an appeal bond so that she could continue the sex offender treatment program she had already begun. She argued that the time served in the program would be negatively affected if she were to go to prison then prevail on her appeal and return for a new sentencing. The trial court granted an appellate bond, increasing the bond Arnett already had. Arnett timely filed a notice of appeal, and this appeal now follows.

■ Arnett raises only one issue on appeal: whether she is eligible for probation. The Commonwealth argues that Arnett is statutorily ineligible for probation and that the appeal is moot because the trial court found that even if she were not statutorily ineligible, it would not grant probation because to do so would unduly depreciate the seriousness of Arnett's crime. Thus, the sentence and judgment should be affirmed.

■ A trial court is vested with discretion when considering whether to probate a defendant. *Aviles v. Commonwealth,* 17 S.W.3d 534, 536–37 (Ky.App.2000) (citing *Turner v. Commonwealth,* 914 S.W.2d 343, 348 (Ky.1996)). The test for abuse of discretion is "whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Miller v. Eldridge,* 146 S.W.3d 909, 914 (Ky.2004) (quoting *Goodyear Tire and Rubber Co. v. Thompson,* 11 S.W.3d 575, 581 (Ky.2000)).

In the instant case, Arnett was a teacher in a high school who committed an act of sexual abuse against one of her students. The trial court found Arnett committed a major violation of her position of responsibility and trust and caused great harm to the victim and his family. Accordingly, it found that probation, in light of these facts, would unduly depreciate the serious nature of her crime. We discern no abuse of discretion in the trial court's finding that the victim was greatly affected by Arnett's crime, nor with its holding that probation would depreciate the seriousness of the crime. Such a finding was supported by the testimony at the probation hearing and is supported by the other evidence of record. Thus, we affirm this portion of the Bourbon Circuit Court's October 10, 2010 order.

While the trial court went on to find that probation was not permissible in Arnett's case because she was statutorily a violent offender under KRS 532.080, KRS 439.3401, or KRS 533.060, we agree with the Commonwealth that Arnett's appeal is moot in this regard. At the beginning of the sentencing hearing, the trial court noted on the record that though it found Arnett statutorily ineligible for probation, it was nonetheless holding a hearing on whether it would grant probation to Arnett. Arnett's trial counsel did not object to the procedure and stated that he understood the nature of the proceeding. Trial counsel then proceeded to introduce evidence and argue in favor of probation. Thus, Arnett did not object to the probation hearing, nor has she appealed the trial court's finding that probation, even if it were statutorily permissible, was not appropriate in this particular case. In response to the Commonwealth's argument that the appeal is moot, Arnett only argued that the court could not have given due consideration to whether she was eligible for parole because it had already decided that she was not eligible at prior proceedings. We find this argument to be completely without merit, given the fact that the trial court specifically conducted a probation hearing and examined evidence and testimony from both Arnett and the Commonwealth.

In light of the above, a determination by this court as to whether probation is statutorily permissible for violent offenders under the above statutory provisions would not affect the outcome of Arnett's case. Even if she was eligible for probation, the trial court has already ruled that it would not grant probation for Arnett. As we have found no abuse of discretion, this ruling by the trial court stands.

Based on the foregoing, the judgment and sentence of the Bourbon Circuit Court is affirmed.

ALL CONCUR.

**J.P., Appellant,**