RENDERED: NOVEMBER 10, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0648-MR

NICHOLAS WILBURN                         APPELLANT

APPEAL FROM BOYLE CIRCUIT COURT
v.         HONORABLE DARREN W. PECKLER, JUDGE
ACTION NO. 20-CR-00182

COMMONWEALTH OF KENTUCKY           APPELLEE

AND

NO. 2021-CA-0649-MR

NICHOLAS WILBURN                         APPELLANT

APPEAL FROM BOYLE CIRCUIT COURT
v.         HONORABLE DARREN W. PECKLER, JUDGE
ACTION NO. 20-CR-00363

COMMONWEALTH OF KENTUCKY           APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, LAMBERT, AND MAZE, JUDGES.

MAZE, JUDGE:  Appellant Nicholas Wilburn appeals from the judgments of the Boyle Circuit Court sentencing him to a total of four years' imprisonment in accordance with the Commonwealth's recommendations.  For the reasons set forth below, his sentences are affirmed.

## I.    BACKGROUND

On March 4, 2021, pursuant to an agreement with the Commonwealth, Wilburn entered a plea of guilty in Indictment No. 20-CR-00182, to trafficking in a controlled substance first degree, first offense, possession of drug paraphernalia, and theft by unlawful taking under $500.  The Commonwealth recommended a sentence of three years.

Also on that date, Wilburn entered a plea of guilty in Indictment No. 20-CR-00363, to possession of a controlled substance, first degree, fleeing or evading, second degree, giving a police officer false identifying information, and resisting arrest, for all of which the Commonwealth recommended a sentence of one year.  The two cases were to run consecutive to one another for a total of four years to serve and were then scheduled for final sentencing on May 4, 2021.

Although the Department of Probation and Parole did not recommend that Wilburn be probated, he filed motions in both cases asking the trial court to grant probation. He reminded the court that it had granted him a medical furlough on September 3, 2020, to enable him to participate in the drug treatment program offered at Isaiah House. He had been active in the program since that time and was set to graduate in August 2021. In the 243 days that he had been enrolled, he had no "issues."

At the sentencing hearing, the court reviewed Wilburn's Presentence Investigation Report (PSI) and his criminal history, specifically noting that the felonies with which he was charged were his fifth and sixth felony offenses.[1] The court then heard the arguments of Wilburn's counsel in support of his motions for probation. At the conclusion of those arguments, the court adopted the sentencing recommendations of the Commonwealth. Although Wilburn's counsel argued that he had never been given the opportunity to attempt probation, the court's review of his history reflected that in 2007 he had been granted deferred prosecution or some form of unsupervised probation. While acknowledging Wilburn's achievements, the court stated that, "his law abidingness has been because he is technically in custody in a rehab program at this time." Further, the court pointed out that the

---

[1] Indeed, the court later confirmed that Wilburn was on bond for his fifth felony at the time the sixth was committed.

officers of Probation and Parole "have some concerns about his sincerity." Having made these statements and imposed its sentences on the record, the court thereafter entered written judgments on Form AOC-445 in each case, which provided that:

> Having given due consideration to the PSI prepared by the Division of Probation and Parole, and to the nature and circumstances of the crime, as well as the history, character and condition of Defendant, and any matters presented to the Court by the Defendant . . . the Court finds . . . imprisonment is necessary for protection of the public because . . . probation, probation with an alternative sentencing plan, or conditional discharge would unduly depreciate the seriousness of Defendant's crime[.]

On appeal, Wilburn argues that the trial court abused its discretion by failing to consider other appropriate factors as set forth in KRS[2] 532.007(3)(a) and (b).

## II.    STANDARD OF REVIEW

Although the entry of a guilty plea operates to waive most appealable issues, some issues do survive for appellate review; among these are "sentencing issues." *Windsor v. Commonwealth*, 250 S.W.3d 306, 307 (Ky. 2008). Such issues include those which are made in contravention of applicable law or without full consideration of all permissible sentencing options. Therefore, they may be

---

[2] Kentucky Revised Statutes.

raised on appeal even where the defendant has entered an open plea. *Grigsby v. Commonwealth*, 302 S.W.3d 52, 54 (Ky. 2010).

Since the decision as to whether to grant probation lies in the discretion of the trial court, our review is for an abuse of that discretion. Such an abuse is found where "the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Arnett v. Commonwealth*, 366 S.W.3d 486, 489 (Ky. App. 2011).

### III. ANALYSIS

"When a sentencing court fails to consider probation or some other applicable sentencing option provided by statute, the defendant has not received the consideration directed by our legislature for punishment of that defendant's particular crime or crimes." *Hayes v. Commonwealth*, 627 S.W.3d 857, 862-863 (Ky. 2021). KRS 533.010(2) requires a sentencing court to consider probation as an alternative to imprisonment as to any non-violent offender upon assessment of "the defendant's risk and needs assessment, nature and circumstances of the crime, and the history, character, and condition of the defendant . . . ." Further, the court "shall" grant probation

> unless the court is of the opinion that imprisonment is necessary for protection of the public because:
>
> > (a) There is substantial risk that during a period of probation or conditional discharge the defendant will commit another crime;

-5-

(b) The defendant is in need of correctional treatment that can be provided most effectively by his commitment to a correctional institution; or

(c) A disposition under this chapter will unduly depreciate the seriousness of the defendant's crime.

However, Wilburn argues that the trial court was also required to consider the factors set forth in KRS 532.007. That statute is titled "Commonwealth's sentencing policy[.]" It codifies the general objectives of sentencing, holding "offenders accountable while reducing recidivism and criminal behavior and improving outcomes for those offenders who are sentenced[.]" KRS 532.007(1). The General Assembly's pronouncements of public policy are controlling upon the courts. *Bryant v. Louisville Metro Housing Authority*, 568 S.W.3d 839 (Ky. 2019).

KRS 532.007(3) provides that judges "shall" consider:

(a) Beginning July 1, 2013, the results of a defendant's risk and needs assessment included in the presentence investigation; and

(b) The likely impact of a potential sentence on the reduction of the defendant's potential future criminal behavior[.]

In *Howard v. Commonwealth*, 496 S.W.3d 471, 475 (Ky. 2016), the Court found that although a sentencing court must "consider the contents of the

written Pre-Sentencing Investigation (PSI) Report, and it must also consider the effect of a sentence on a defendant's potential future criminal behavior[,]" no abuse of discretion occurred where the trial court "observed the proper sentencing procedures." *Id*. at 476 (footnote omitted). In finding that Howard's sentencing had been conducted in accordance with proper "procedures," the Court noted that the trial court considered the PSI, the sentencing memoranda provided by the defendant and the Commonwealth, and his criminal history, which included prior convictions for the same charges.

In the case *sub judice*, the court clearly considered the factors required by KRS 533.010, as its judgments set forth those factors virtually verbatim. However, the court also made statements on the record, which leave no doubt that all statutory factors, including those of KRS 533.007, were considered. The court referred specifically to the recommendations of Probation and Parole, which included treatment and vocational training. However, it also noted Probation and Parole's doubts about Wilburn's "sincerity." Most troubling to the court appeared to be Wilburn's criminal history, a previous failure of some form of probation, and the fact that he had committed a sixth felony while out on bond for a fifth. While the court made no specific findings in this regard, it appears that this accumulation of offenses is clearly relevant to the issue of Wilburn's future criminal conduct. These "oral findings" are also significant to this Court's determination that the trial

court considered all the statutorily appropriate factors. *Commonwealth v. Gilmore*, 587 S.W.3d 627, 630 (Ky. 2019).

## IV.    CONCLUSION

Accordingly, we affirm the judgments and sentences of the Boyle Circuit Court.


ALL CONCUR.


BRIEF FOR APPELLANT:

Erin Hoffman Yang
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Christina L. Romano
Assistant Attorney General
Frankfort, Kentucky