Robert LADRIERE, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

No. 2009–SC–000758–MR.

Supreme Court of Kentucky.

Oct. 21, 2010.

Kathleen Kallaher Schmidt, Department of Public Advocacy, Frankfort, KY, Counsel for Appellant.

Jack Conway, Attorney General of Kentucky, James C. Shackelford, Assistant Attorney General, Office of the Attorney General, Office of Criminal Appeals, Frankfort, KY, Counsel for Appellee.

Opinion of the Court by Justice ABRAMSON.

Appellant, Robert Ladriere, appeals from a Judgment of the Campbell Circuit Court, entered upon a guilty plea to one count of kidnapping. Ladriere agreed to the maximum sentence of twenty years in exchange for the dismissal of a second-degree persistent felony offender count. In addition to twenty years imprisonment, the judgment imposed a five-year conditional discharge period and accompanying conditions following expiration of Ladriere's sentence as well as other restrictions relative to his duty to register in the sex offender registration database. Although Ladriere entered an unconditional guilty plea, he now challenges the additional restrictions and requirements imposed by the judgment, including the five-year conditional discharge period. Ladriere also challenges the imposition of court costs, given his indigent status. Because this five-year period along with some of the other restrictions included in Ladriere's sentence are, indeed, contrary to law, we must vacate his sentence despite his unconditional guilty plea. The provision ordering Ladriere to pay court costs must also be vacated.

### RELEVANT FACTS

The events giving rise to the charges herein occurred on April 10, 2009. As recounted in the indictment, Ladriere was in a bathroom stall in the women's restroom of the county library. When the victim, a ten-year old girl, entered the adjoining stall, Ladriere put his hand on the ground, looked under the stall and watched her use the bathroom. Before she could exit the stall, he entered and backed her up against the wall. When the victim screamed, Ladriere put his finger to his mouth, signifying for her to be quiet.

However, he fled the bathroom as the victim was about to scream again.

Ladriere was charged with kidnapping pursuant to KRS 509.040 and as a persistent felony offender in the second degree (PF02). Ladriere entered an unconditional guilty plea to kidnapping despite the plea agreement's inclusion of a twenty-year sentencing recommendation, the maximum sentence for the Class B kidnapping felony. In exchange, however, the PF02 count was dismissed.

During the hearing on Ladriere's guilty plea, there was some confusion concerning his classification and relative duties with regard to the sex offender registration laws. The prosecutor stated her belief that the kidnapping conviction would subject Ladriere to registration and defense counsel countered that he was unaware of such a requirement. However, in response to the trial court's offer of additional time to look into the matter, Ladriere himself conceded that he was aware that he would be subject to registration. The trial court then accepted Ladriere's guilty plea and set the matter for final sentencing.

At the sentencing hearing, the trial court imposed the agreed-upon twenty-year sentence. Additionally, the trial court confirmed that Ladriere would be subject to lifetime registration under the sex offender registration laws. Acknowledging that kidnapping was not a sex offense *per se*, the trial court explained that additional restrictions arose out of Ladriere's duty to register. Specifically, the trial court imposed a five-year conditional discharge period upon expiration of his sentence, ordered him to complete the Sex Offender Treatment Program (SOTP) and ordered him to submit to HIV testing. Further conditions included the statutory residential restriction; that Ladriere have no unauthorized contact with minors; that

Ladriere not possess sexually arousing materials or use photographic or computer equipment; that Ladriere not establish a romantic relationship without the permission of his probation officer or treatment provider; and that Ladriere not gain employment that may be used to attract or acquire new victims. Finally, the judgment imposed court costs upon Ladriere and directed that he pay $125.00 to the public defender.

On appeal to this Court, Ladriere asserts that the trial court's imposition of the five-year conditional discharge period and accompanying conditions was contrary to law and must be vacated accordingly. He further challenges the imposition of court costs.

## *ANALYSIS*

### I. Ladriere's Claim That an Illegal Sentence was Imposed Upon Him Falls Within the Limited Purview of Reviewable Unpreserved Errors Despite His Unconditional Guilty Plea.

We first address the effect of Ladriere's failure to preserve any issue for our review. Ladriere entered an unconditional guilty plea to kidnapping, the effect of which is to vastly "reduce the scope of potentially appealable issues." *Windsor v. Commonwealth,* 250 S.W.3d 306, 307 (Ky. 2008) (*quoting Roe v. Flores–Ortega,* 528 U.S. 470, 480, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000)). Nevertheless, sentencing can be one of the few issues not waived by an unconditional plea, where it is alleged that the sentence was not authorized, contrary to statute, or otherwise manifestly infirm. *Windsor,* 250 S.W.3d 306; *Ware v. Commonwealth,* 34 S.W.3d 383 (Ky.App.2000); *Hughes v. Commonwealth,* 875 S.W.2d 99 (Ky.1994). As Ladriere's claim of error does, indeed, fall within the purview of the limited class of errors that survive an un-

conditional guilty plea and can be subject to appellate review, we proceed to address the lawfulness of his sentence.

Nevertheless, the lack of preservation of Ladriere's claims of error renders our review one for palpable error only. RCr 10.26. Under this standard, reversal is warranted "if a manifest injustice has resulted from the error," which requires a showing of the "probability of a different result or error so fundamental as to threaten a defendant's entitlement to due process of law." *Martin v. Commonwealth,* 207 S.W.3d 1, 3 (Ky.2006). If, indeed, the judgment imposes an illegal sentence upon Ladriere, it is axiomatic that the result would have been different but for the error.

**II. While the Final Judgment Appropriately Subjected Ladriere to Lifetime Registration and Accompanying Residency Requirements, Imposition of the Felony Conditional Discharge Period and Accompanying Conditions as well as Orders to Submit to HIV Testing and to Complete SOTP Were Not Authorized By Statute.**

■ As stated above, Ladriere pled guilty to kidnapping under KRS 509.040. As explained in the indictment, the victim of the offense was a minor. KRS 17.510 establishes a registration system for sexual offenders and for those who have committed crimes against minors. A "sexual offender" is a person who is convicted of or pleads guilty to a "sex crime," as defined in KRS 17.500(8). Kidnapping, even where the victim is a minor, does not fall within the statutory definition of a "sex crime." However, kidnapping under KRS 509.040 is explicitly included in the defini-

tion of a "criminal offense against a victim who is a minor," if the victim is under the age of eighteen. KRS 17.500(3)(a)(*l* ). Because the definition of "registrant" in KRS 17.500(5) includes not only sexual offenders but also "[a]ny person eighteen (18) years of age or older at the time of the offense ... who has committed ... [a] criminal offense against a victim who is a minor," Ladriere is clearly a "registrant." In fact, Ladriere is subject to lifetime registration for this offense pursuant to KRS 17.520(2)(a)(1). And, because KRS 17.545 [1] places residential restrictions on all "registrants," there is no error in that portion of the trial court's order imposing the statutory residency restrictions on Ladriere.

Ladriere's contention that he should not have to register "as a sexual offender" is baseless. He asserts an unfair prejudice in having to reveal to potential employers, landlords, and others, his status as a "sexual offender registrant" as opposed to a mere "registrant" even though he did not commit a sexual offense as defined by the relevant statute. He argues that to the extent the Department of Corrections forces all registrants to be called sex offenders, it is an incorrect statement of the offender's legal status if, instead, the offender has committed a crime against a victim who is a minor. As the Commonwealth points out, there is absolutely nothing in the record to support that the Department of Corrections does force all registrants to be called sex offenders. Regardless, the Justice and Public Safety Cabinet is charged with the development and implementation of the registration system, KRS 17.510, and the General Assembly has legislated the inclusion of offenders such as Ladriere who commit "a

---

1. KRS 17.545 prohibits registrants from residing within 1000 yards of schools, play-

grounds and licensed day care facilities.

criminal offense against a victim who is a minor." KRS 17.500(5).

■ Additionally, Ladriere contends that the statutory period of conditional discharge and accompanying conditions imposed by the trial court are only authorized for those who are required to register by virtue of their status as a "sexual offender" as opposed to those who are required to register because they committed a criminal offense against a minor. KRS 532.043 mandates that a five-year conditional discharge period be imposed upon certain offenders; namely, those convicted of or pleading guilty to "a felony offense under KRS Chapter 510, 529.100 involving commercial sexual activity, 530.020, 530.064($l$)(a), 531.310, or 531.320." These offenses encompass all of the violations that constitute a "sex crime" under KRS 17.500(8) but also include one other—a felony offense under KRS 529.100 involving commercial sexual activity. Significantly, a "criminal offense against a victim who is a minor" is not mentioned in KRS 532.043, nor is an offense under KRS 509.040 included in the statute. Accordingly, Ladriere is correct that KRS 532.043 does not authorize a conditional discharge period to be imposed in his case.

■ KRS 17.520 provides that the commission of certain offenses subjects the offender to registration requirements for a period of twenty years while other offenses subject the offender to lifetime registration. Ladriere's offense explicitly subjects him to lifetime registration, indicating that the legislature considered this offense to be of an even more serious nature than certain sex offenses, at least with respect to the necessity of registration. Accordingly, it seems counterintuitive that an offense requiring a longer registration period would be excluded from the statutory conditional discharge period and accompanying conditions that accompany some sex offenses even though these offenses also entail a shorter registration period. Nevertheless, "where the language of a statute is clear and unambiguous on its face, we are not free to construe it otherwise even though such construction might be more in keeping with the statute's apparent purpose." *MPM Financial Group, Inc. v. Morton*, 289 S.W.3d 193, 197 (Ky.2009) (*citing Whittaker v. McClure*, 891 S.W.2d 80, 83 (Ky.1995)). KRS 532.043 specifically enumerates the offenses that warrant imposition of the conditional discharge period and, as noted, Ladriere's offense is not among them.

■ For the same reasons, ordering Ladriere to complete a Sex Offender Treatment Program (SOTP) was not statutorily authorized. SOTP is a treatment program for sexual offenders. Participation in the program may be ordered when the sentencing court, department officials, or both determine that a sexual offender may have a mental, emotional, or behavioral disorder and is likely to benefit from the program. KRS 197.010(4). However, "sexual offender" as used in KRS Chapter 197 is a person who has committed a "sex crime" as defined by KRS 17.500. KRS 197.410(1). Given that Ladriere did not commit an offense within the purview of the statute's definition of "sex crime," it stands to reason that he is not a "sexual offender" for purposes of the SOTP provisions either.

As to the non-statutory conditions imposed upon Ladriere, such as the no-contact with minors order, prohibition on possession of sexually arousing materials, employment restrictions and restrictions on establishing romantic relationships, these were imposed as conditions of the "conditional discharge" period. Having determined that Ladriere was not subject to a period of conditional discharge, the conditions established relative to that period must fall as well.

■ Finally, the trial court ordered Ladriere to be tested for HIV pursuant to KRS 510.320. However, the statute mandates that the sentencing court order HIV testing when the offender was convicted of certain offenses under KRS Chapter 510 that involve sexual intercourse, deviate sexual intercourse or sexual contact. Ladriere's offense does not fell within Chapter 510 and, therefore, is not encompassed by the statute concerning HIV testing. Again, the trial court's order in this regard is contrary to the statute and must be vacated.

### III. The Trial Court Erred in Imposing Court Costs on Ladriere Given His Indigent Status.

■ Ladriere also asserts error in the imposition of court costs upon him despite his indigent status, an issue preserved by contemporaneous objection. The Commonwealth responds that although the trial court imposed court costs in its oral ruling, it was not memorialized in the written judgment, rendering the issue moot. Although the oral ruling must be consulted to discern that the "cost of the action," is $150.00, the written judgment does direct Ladriere to "pay the sum of $125.00 to the public advocates for their services herein and the cost of this action, same to be payable at the minimum rate of $50 per month commencing 30 days after release from custody." Accordingly, we proceed to the merits of Ladriere's claim. Because court costs must be waived for indigent defendants pursuant to KRS 31.110(1)(b), the provision in the judgment imposing court costs must be vacated. *Edmonson v. Commonwealth*, 725 S.W.2d 595 (Ky. 1987). The Commonwealth correctly points out that the $125.00 public defender fee is explicitly authorized by KRS 31.211(1), but Ladriere's challenge is to the imposition of court costs, not the public defender fee.

### CONCLUSION

While the judgment of the trial court appropriately ordered Ladriere to lifetime registration in the registration system for adults who have committed sex crimes or crimes against minors and appropriately imposed the accompanying residency restrictions, that portion of the judgment that imposes a five-year conditional discharge period and accompanying conditions as well as the provisions ordering Ladriere to complete SOTP and submit to HIV testing must be vacated as they are not authorized by statute. The provision directing Ladriere to pay court costs must also be vacated due to his indigent status. Accordingly, the trial court's judgment is vacated and this cause is remanded for entry of a final judgment consistent with this opinion.

MINTON, C.J.; CUNNINGHAM, NOBLE, SCOTT, and VENTERS, JJ., concur.

SCHRODER, J., not sitting.