**William Paul JONES, Appellant**

v.

**COMMONWEALTH of Kentucky,**
**Appellee**

**NO. 2016-CA-001346-MR**

Court of Appeals of Kentucky.

AUGUST 11, 2017; 10:00 A.M.

BRIEF FOR APPELLANT: Susan Jackson Balliet, Assistant Public Advocate, Department of Public Advocacy, Frankfort, Kentucky.

BRIEF FOR APPELLEE: Andy Beshear, Attorney General of Kentucky, Leilani K. M. Martin, Assistant Attorney General, Frankfort, Kentucky.

BEFORE: COMBS, D. LAMBERT AND NICKELL, JUDGES.

<u>OPINION</u>

NICKELL, JUDGE:

William Paul Jones appeals from a Judgment and Sentence on Plea of Guilty of the Fulton Circuit Court with respect to the imposition of court costs. For the reasons set forth below, we reverse.

At a hearing on May 26, 2016, Jones entered a plea of guilty to assault in the third degree[1] in exchange for the Commonwealth's recommendation of a sentence of three and one-half years' incarceration. On June 9, 2016, the trial court held a sentencing hearing and orally[2] sentenced Jones consistent with the Commonwealth's recommendation, but also imposed court

costs of $160.00 to be paid in full within six months after being released from prison. On June 10, 2016, the trial court entered an order requiring Jones to pay his court costs and finding that he had assets in his commissary account and/or other assets that would render him not to be a poor person at that time, and that he was able bodied. On July 8, 2016, Jones, through counsel, filed a motion to grant *in forma pauperis* status on appeal, along with a financial statement and detention center inmate account indicating he had no assets. On September 12, 2016, the trial court entered separate orders appointing counsel to represent Jones on appeal and granting the motion seeking *in forma pauperis* status, finding he was a pauper within the meaning of KRS 453.190 and KRS 31.110(2)(b). On appeal, Jones is not challenging his conviction or sentence of imprisonment, only the imposition of court costs.

Jones contends the trial court erred in imposing any court costs as a violation of KRS 23A.205, and in the alternative, he challenges the inclusion of $30.00 of that amount as unconstitutional as an excessive fine under the Eighth Amendment of the United States Constitution and Section Seventeen of the Kentucky Constitution. Jones concedes these issues are not properly preserved because trial counsel did not object to the imposition of court costs, but he urges this Court to review them under RCr[3] 10.26, the palpable error rule.

 Kentucky courts have recognized challenges to the imposition of court costs as falling under the rubric of so-called

1. Kentucky Revised Statutes (KRS) 508.025(1)(b), a Class D felony.

2. The written Judgment and Sentence on Plea of Guilty was officially entered on June 10, 2016.

3. Kentucky Rules of Criminal Procedure.

"sentencing" issues. *Jones v. Commonwealth*, 382 S.W.3d 22 (Ky. 2011); *Travis v. Commonwealth*, 327 S.W.3d 456 (Ky. 2010); *Sevier v. Commonwealth*, 434 S.W.3d 443 (Ky. 2014). The Supreme Court of Kentucky has further held sentencing issues. are not waived by failure to preserve or raise the issue before the trial court. *Jones*, 382 S.W.3d at 26; *Cummings v. Commonwealth*, 226 S.W.3d 62, 66 (Ky. 2007). More specifically, a defendant does not waive sentencing issues by entering an unconditional plea of guilty. *Windsor v. Commonwealth*, 250 S.W.3d 306, 307 (Ky. 2008); *Ladriere v. Commonwealth*, 329 S.W.3d 278 (Ky. 2010). In addition, because Jones' claim involves the violation of a sentencing statute, it qualifies as a "sentencing issue" not subject to waiver. *Jones*, 382 S.W.3d at 28-29 (distinguishing between arguments involving violations of statutes and procedural defects); *Webster v. Commonwealth*, 438 S.W.3d 321 (Ky. 2014) (discussing claims qualifying as sentencing issues).

However, given the lack of preservation of Jones' claim of error, the appellate court reviews the claim based on palpable error. *Ladriere.* Under RCr 10.26, an unpreserved error may only be corrected on appeal if the error is both "palpable" and "affects the substantial rights of a party" to such a degree it can be determined "manifest injustice has resulted from the error." "To be palpable, an error must result in manifest injustice, either through the 'probability of a different result or error so fundamental as to threaten a defendant's entitlement to due process of law.'" *Jones v. Commonwealth*, 331 S.W.3d 249, 256 (Ky. 2011) (quoting *Martin v. Commonwealth*, 207 S.W.3d 1, 3 (Ky. 2006)). In other words, to deem an unpreserved error palpable, we must consider "whether the defect is so manifest, fundamental and unambiguous that it threatens

the integrity of the judicial process." *Id.* However, the imposition of court costs on an indigent defendant 'is palpable error under RCr 10.26. *Wiley v. Commonwealth*, 348 S.W.3d 570, 574 (Ky. 2010).

Jones contends the trial court erred by imposing court costs in violation of KRS 23A.205, which provides:

(1) Court costs for a criminal case in the Circuit Court shall be one hundred dollars ($100).

(2) The taxation of court costs against a defendant, upon conviction in a case, shall be mandatory and shall not be subject to probation, suspension, proration, deduction, or other form of nonimposition in the terms of a plea bargain or otherwise, unless the court finds that the defendant is a poor person as defined by KRS 453.190(2) and that he or she is unable to pay court costs and will be unable to pay the court costs in the foreseeable future.

(3) If the court finds that the defendant does not meet the standard articulated in subsection (2) of this section and that the defendant is nonetheless unable to pay the full amount of the court costs and fees at the time of sentencing, then the court shall establish a show cause date by which time the court costs, fees, and fines shall be paid and may establish an installment payment plan whereby the defendant pays the full amount of the court costs, fees, and fines to the circuit clerk in installments as established by the court. All court costs and fees under the installment plan shall be paid within one (1) year of the date of sentencing notwithstanding any remaining restitution or other monetary penalty owed by the defendant and arising out of the conviction. Installment payments will be applied first to court costs, then to restitution, then to fees, and then to fines.

■ Court costs are to be taxed "upon conviction." KRS 23A.205(2). They are "mandatory" and not subject to any type of "nonimposition," unless the defendant is a "poor person as defined by KRS 453.190(2)" and "is unable to pay court costs and will be unable to pay the court costs in the foreseeable future." KRS 23A.205(2). KRS 453.190(2), in turn, defines a "poor person" as one "unable to pay the costs and fees of the proceeding in which he is involved without depriving himself or his dependents of the necessities of life, including food, shelter, or clothing." Further, the statute permits a court to find a defendant is not a "poor person" but is "unable to pay the full amount of the court costs and fees at the time of sentencing[.]" KRS 23A.205(3). In such circumstances, the court may set up a payment plan with all payments to be made within one year of sentencing. *Id.* Thus, KRS 23A.205 contemplates three distinct and mutually exclusive classifications of persons: (1) those who are able to pay their costs, (2) "poor persons" who are not required to pay court costs at all, and (3) those who are not "poor persons," yet nevertheless cannot pay immediately and are entitled to enter into a payment plan.

The Supreme Court of Kentucky has also made it clear a trial court may consider a defendant's future ability to pay, but only as far as "the foreseeable future." *Maynes v. Commonwealth*, 361 S.W.3d 922, 929 (Ky. 2012). In *Maynes*, the Supreme Court upheld the imposition of court costs upon an indigent defendant because it found he had a projected future ability to pay. In that case, the circuit court had granted the defendant a diversion, so he was not incarcerated following the sentencing. Meanwhile, in *Buster v. Commonwealth*, 381 S.W.3d 294, 305 (Ky. 2012), the Supreme Court held the decision to impose or waive court costs is to be made by the trial court by or at the time of

sentencing, and there is no statutory basis for a court to exercise jurisdiction to determine the appropriateness of court costs beyond the end of the proceedings. It stated the circuit court may not retain jurisdiction to make such a determination at the time of the defendant's release from incarceration, and the payments must be made within "one year of the date of sentencing." *Id. See also* KRS 23A.205(3).

■ In the instant case, during the guilty plea and final sentencing hearings, the trial court inquired about Jones' financial situation and potential ability to pay the court costs. In response to questions from the court, Jones indicated he was "able bodied" and someone had put money into his jail account so he could purchase a telephone card. The trial court also told Jones it was willing to work with him to extend the time for final payment beyond the six-month period following release if he was unable to pay within that time-frame. Jones contends the trial court's finding at sentencing that he had the ability to pay court costs was erroneous.

The trial court's initial finding at sentencing that Jones was not subject to waiver under KRS 23A.205 was erroneous. He had no job, assets or income, was facing a three and one-half year prison sentence, and had nothing but a phone card while in jail. In *Maynes*, the Court stated:

> Without some reasonable basis for believing that the defendant can or will soon be able to pay, the imposition of court costs is indeed improper. Here, by contrast Maynes was to be released from custody pursuant to his diversion agreement, and so, unlike the defendants in the cases just referred to, he could reasonably be expected in the near future to acquire the means to pay the relatively modest court costs of $130.00.
> . . . .

Although initially deemed "needy" and allowed a public defender, Maynes subsequently entered a plea agreement whereby he was to be released from custody. The restoration of his freedom was also the restoration of his ability to work, and so justified the trial court's order that he pay the statutorily mandated court costs pursuant to KRS 23A.205.

361 S.W.3d at 930, 933.

In addition, the trial court specifically found Jones was indigent under KRS 453.190 shortly after sentencing. In *Miller v. Commonwealth*, 391 S.W.3d 857 (Ky. 2013), the trial court assessed court costs of $155 to be reviewed upon the appellant's release from prison. The Supreme Court reversed the imposition of court costs indicating the trial court lacked authority to reassess the ability to pay at a later date.

The Court recently resolved the continuing jurisdiction issue in *Buster v. Commonwealth*, 381 S.W.3d 294 (Ky. 2012). In that case, the trial court had levied $200 in a partial public defender fee, but had retained jurisdiction to review the appellant's ability to pay that fee and whether to levy court costs until his release. This Court held, as to the court costs, that

> the decision to impose or waive court costs is to be made by the trial court by or at the time of sentencing. There is no statutory basis for a court to exercise jurisdiction to determine the appropriateness of court costs beyond the end of the proceedings, much less once the sentence has been imposed and served and the defendant has been released from prison.

*Id.* at 305. Thus, the determination of whether a person is a "poor person" for the purpose of court costs and whether a partial public defender fee is to be assessed must be made at the time of sentencing, and the court cannot reserve for itself jurisdiction to review those costs beyond ten days after judgment. *Id.* at 304. Because the trial court did not retain jurisdiction until Appellant's release, we therefore reverse the portion of the trial court's judgment purporting to retain jurisdiction to reassess court costs and fees in the future.

*Id.* at 869-70.

The Court further stated:

> the trial court entered an order immediately following its final judgment allowing Appellant to proceed *in forma pauperis* on appeal in which the trial court expressly stated that Appellant was a "poor person" for purposes of KRS 453.190 and KRS 31.110. Because a determination was already made at the time of the entry of the final judgment, or immediately thereafter, that Appellant was a "poor person" and was therefore not able to pay costs, the Court need not remand Appellant's case to the trial court for a determination of court costs. A statutory "poor person" is not subject to court costs. KRS 23A.205; *Maynes v. Commonwealth*, 361 S.W.3d 922, 929 (Ky. 2012). Because Appellant was such a poor person at the time of sentencing, as found by the trial court, the portion of the judgment imposing those costs is vacated.

*Id.* at 870 (footnote omitted).

The evidence revealed Jones had no assets other than a prepaid telephone card purchased with funds obtained from another person. He had been sentenced to incarceration for a period of three and one-half years. Although he would have been eligible for parole before serving this entire period, it was uncertain he would be released and able to pay the court costs within the one-year time period required under the court costs statute. In addition, the trial court found Jones was indigent

under KRS 453.190 shortly after the sentencing. We conclude the trial court's imposition of court costs pursuant to KRS 23A.205 was unreasonable and constituted palpable error.

For the foregoing reasons, we reverse the judgment of the Fulton Circuit Court with respect to the imposition of court costs.

ALL CONCUR.