RENDERED: FEBRUARY 18, 2021
TO BE PUBLISHED

# Supreme Court of Kentucky

2019-SC-0201-DG

COMMONWEALTH OF KENTUCKY                            APPELLANT

V.

ON REVIEW FROM COURT OF APPEALS
NO. 2018-CA-0253
JEFFERSON CIRCUIT COURT NO. 17-CR-000291

SAMUEL W. DAUGHTERY                                APPELLEE

**OPINION OF THE COURT BY CHIEF JUSTICE MINTON**

**<u>REVERSING AND REMANDING</u>**

Samuel W. Daughtery pleaded guilty in the circuit court to three felony counts of distributing child pornography in violation of Kentucky Revised Statute (KRS) 531.340. For these three convictions, he received a five-year concurrent sentence on each count, probated for five years.

The Commonwealth appealed to the Court of Appeals the trial court's amended judgment, arguing the trial court erred by issuing a ruling attempting to block Daughtery's lifetime registration under the Sex Offender Registration Act (SORA). The Court of Appeals properly rejected the trial court's conclusion that Daughtery—not being a sex offender—was not required to become a registrant because SORA registration is limited to sex offenders. But the appellate court nevertheless affirmed the amended judgment, holding that Daugherty's three felony convictions exempted Daughtery from SORA

registration because they were his first such offenses and arose from a single course of conduct.

The Commonwealth sought discretionary review in this Court to argue that the Court of Appeals created from whole cloth this first-offender, single-source exception to lifetime SORA registration. We agree with the Commonwealth and reverse the opinion of the Court of Appeals. We hold that Daughtery qualifies for lifetime SORA registration for his crimes because (1) he was thrice convicted of crimes involving "a minor or depictions of a minor, as set forth in KRS Chapter 531" per the plain text of KRS 17.500(3)(a)(11) and KRS 17.520(4); and (2) the Court of Appeals erred by creating a new single-course-of-conduct exception to avoid application of KRS 17.520(4). Accordingly, we remand the case to the trial court for entry of a conforming judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Daughtery was swept up by an undercover investigation to identify, arrest, and prosecute individuals involved in online child-sexual exploitation. A forensic review of his home computer revealed three child-pornography videos. The review also showed that these videos were downloadable by other internet users from Daughtery's downloads. The grand jury indicted Daughtery on three counts of distribution of matter portraying a sexual performance by a minor. And Daughtery eventually pleaded guilty to all charges under a plea bargain agreement with the Commonwealth. At sentencing, the trial court found, despite the Commonwealth's Attorney's

2

urging to the contrary, Daughtery was not required to become a SORA registrant because his crimes were not sex crimes.

The Commonwealth appealed that ruling, arguing in the Court of Appeals the trial court's erroneous ruling that Daughtery was not required to be a lifetime registrant under SORA. The Court of Appeals affirmed the trial court's decision, but on completely different grounds. That court correctly found that SORA requires not only those who have committed sex offenses to be registrants but also that those who have committed crimes against minors, like the crimes of which Daughtery was convicted.

But despite the appellate court's conclusion that Daughtery had committed an offense requiring SORA registration, instead of reversing and remanding for a new judgment making the necessary findings for SORA registration, the Court of Appeals' panel focused its attention only on the Commonwealth's argument urging lifetime registration. The appellate panel held that Daughtery avoided SORA lifetime-registration requirements because his convictions were each charged as first-offense crimes against a minor and all three convictions arose from a single course of conduct.

## II. ANALYSIS

### A. Daughtery must register under SORA for his lifetime because he was convicted of multiple offenses defined as a crime against a minor.

Because the lower courts' rulings were based on statutory construction and interpretation of SORA, our review is de novo.[1]

---

[1] *Cumberland Valley Contractors, Inc. v. Bell Cty. Coal Corp.,* 238 S.W.3d 644, 647 (Ky. 2007).

KRS Chapter 17 establishes Kentucky's sex-offender registration system. It describes who must register and for how long.[2] The General Assembly's purpose in creating the registration system was to protect children from all crime, not just sex offenses.[3] So in addition to defendants convicted of sex offenses, the statute also mandates registration for defendants convicted of crimes against minors.

SORA labels those required to register as *registrants*.[4] SORA defines a *registrant* to be any person 18 years or older who committed either a sex crime or a criminal offense against a minor.[5] All registrants must remain in the registration system for at least twenty years.[6] But lifetime registration is required for any person who has been convicted of two or more felony criminal offenses against a victim who is a minor.[7]

---

[2] KRS 17.510; *Ladriere v. Commonwealth*, 329 S.W.3d 278, 281 (Ky. 2010) ("[SORA] establishes a registration system for sexual offenders and for those who have committed crimes against minors.").

[3] *Moffitt v. Commonwealth*, 360 S.W.3d 247, 255 (Ky. App. 2012).

[4] (emphasis added).

[5] 17.500(5) ("Registrant" means:

(a) Any person eighteen (18) years of age or older at the time of the offense or any youthful offender, as defined in KRS 600.020, who has committed:

1. A sex crime; or

2. A criminal offense against a victim who is a minor . . . .").

[6] KRS 17.520; KRS 17.520(3) ("All other registrants are required to register for twenty (20) years following discharge from confinement or twenty (20) years following the maximum discharge date on probation, shock probation, conditional discharge, parole, or other form of early release, whichever period is greater.").

[7] KRS 17.520(2)(a).

KRS Chapter 17 also defines which offenses are sex offenses as well as which are crimes against a victim who is a minor.[8] Significantly, a conviction under KRS 531.340 for distributing matter portraying a sexual performance by a minor is not designated as a sex offense but as a crime against a minor.[9] The crimes to which Daugherty pleaded guilty are crimes against a minor covered by KRS 531.340. Whether an offender's registration period is twenty years or for a lifetime depends on the number of convictions.

The Court of Appeals panel concluded that Daugherty's three convictions of distributing child pornography should be treated as a single conviction. The panel's logic was that Daughtery downloaded all three videos in one day, so he only engaged in a single course of conduct. We disagree.

In *Welborn v. Commonwealth*[10] we discussed when multiple individual acts result in a single course of conduct and therefore constitute only one conviction. In *Welborn* we explained the question turns on "whether it was the individual acts which are prohibited, or the course of action they constitute. If it is the individual acts, then each act is punishable separately, but if it is a single course of conduct, there is only one punishment."[11] A single course of conduct will always result in one conviction. It follows that if a defendant has

---

[8] KRS 17.500(8)(a).

[9] KRS 17.500(3)(a)(11).

[10] 157 S.W.3d 608 (Ky. 2005).

[11] *Id.* at 612.

multiple convictions, each must arise from a separate, single course of conduct.

Daughtery pleaded guilty to three counts of distributing matter portraying sexual performance by a minor in violation of KRS 531.340. To be guilty under the statute, the defendant must bring into the state more than one unit of the illicit material while having knowledge of its contents or character.[12] The statute also requires that if the defendant possesses more than one unit of such material, there is a rebuttable presumption of intent to distribute. Daughtery's act of downloading three child-porn videos in a single day qualified for a separate conviction for each video. And he pleaded guilty to those three crimes. As a result, each count to which he voluntarily pleaded guilty allowed for a separate conviction. It is true that all three convictions arose from actions that took place on his single computer within one day, but each video he downloaded resulted in a criminal act. So the Court of Appeals' panel erred by finding this to be a single course of conduct.

We also hold that the Court of Appeals erred by holding that Daughtery did not meet the statutory-lifetime registrant requirement because these were his first offenses. Under KRS 17.520, the General Assembly has decided that lifetime registration is required for those with two or more convictions for

---

[12] KRS 531.340.

6

crimes against a minor. In interpreting a statute, we simply analyze the plain statutory language and, if it is unambiguous, we do not look beyond it.[13]

The relevant language of KRS 17.520(2)(a) states:

Lifetime registration is required for:

3. Any person convicted of a sex crime: a. Who has one (1) or *more prior* convictions of a felony criminal offense against a victim who is a minor; or b. Who has one (1) or *more prior sex crime convictions*;

4. Any person who has been *convicted of two (2) or more felony criminal offenses against a victim who is a minor. . . .*

The provision relating to crimes against minors does not require *prior* convictions, only that the defendant have "two or more" convictions of a crime against a minor. It is significant that the legislature used the word *prior*[14] in defining the lifetime registration parameters for those convicted of a sex crime but did not choose to create a similar limitation in the parameters for defendants convicted of a crime against a minor. We must only assume the omission of the word *prior* was intentional.[15] As such, the Court of Appeals

---

[13] *University of Louisville v. Rothstein*, 532 S.W.3d 644, 648 (Ky. 2017) ("In interpreting a statute . . . we must look first to the plain language of a statute and, if the language is clear, our inquiry ends.").

[14] (emphasis added).

[15] *Hall v. Hospitality Res., Inc.*, 276 S.W.3d 775 (Ky. 2008) ("Thus, we are "to ascertain the intention of the legislature from words used in enacting statutes rather than surmising what may have been intended but was not expressed.") (citing *Stopher v. Conliffe*, 170 S.W.3d 307, 309 (Ky. 2005), *overruled on other grounds by Hodge v. Coleman*, 244 S.W.3d 102 (Ky. 2008)); *Kentucky Emp. Ret. Sys. v. Seven Cnties Servs, Inc.*, 580 S.W.3d 530 (Ky. 2019) ("In construing statutes, we are "not at liberty to add or subtract from the legislative enactment or interpret it at variance from the language used.") (citing *Johnson v. Branch Banking & Tr. Co.*, 313 S.W.3d 557, 559 (Ky. 2010)).

erroneously held that Daughtery's registration period depended on this being his first offense.

Lastly, while the statutory language is clear, it would be inconsistent with the stated purpose of SORA to find lifetime registration not required in situations like Daughtery's. As previously mentioned, the legislative purpose of the registration system is to protect children from crime. So today's finding that first-time offenders with multiple convictions for crimes against minors qualify for lifetime registration under SORA comports with the legislature's express intent to protect children.

### B. Daugherty's argument that we should decline discretionary review to sanction the Commonwealth is meritless.

Daughtery argues in his "Brief of Appellee" that the Commonwealth should be barred from seeking discretionary review in this Court because, "[t]he Commonwealth has already granted itself the relief it asks this Court to grant," arguing "[s]ome agency of the Executive Branch of Government has arrogated to itself the power to disregard a final judgment of the Court of Justice." Although the record before us is silent on the basis for this contention, Daughtery implies that he is now a SORA registrant, the trial court's ruling notwithstanding, and that we should sanction the Commonwealth. But Daughtery has not named the Kentucky Justice and Public Safety Cabinet or any state agency that might be involved in maintaining SORA, as a party to this case. And we are unaware of any separate action by Daughtery seeking a remedy for an alleged violation of the trial court's amended judgment.

8

We reject Daughtery's meritless argument. We find this issue somewhat analogous to the claims made in *Mason v. Commonwealth*, wherein we stated.

> [I]t is beyond dispute that a court generally should not issue an opinion or judgment against an entity that is not a party to the action or is not otherwise properly before the court. We decline, therefore, to order the Department of Corrections—which has not been made a party to this appeal and is not properly before us to either defend its action or to confess error—to take any affirmative action with regard to Mason's offender classification or parole eligibility. Mason is free to file a separate action against the Department of Corrections, such as a declaratory judgment action, seeking to have his parole eligibility recalculated.[16]

## C. KRS 17.500(3)(a)(11) does not delegate legislative authority to the judicial branch.

Daughtery argues that KRS 17.500(3)(a)(11) is an unconstitutional delegation of legislative power to the judicial branch because it requires the judiciary to "legislate" which offenders are required to register under SORA.[17] We disagree. We do not see any delegation of legislative authority in this statute that defines a "criminal offense against a victim who is a minor" as "any offense involving a minor or depiction of a minor" as set forth in KRS Chapter 531," the statute under which Daugherty was criminally charged and for which he voluntarily pleaded guilty in the trial court.

---

[16] 331 S.W.3d 610, 629 (Ky. 2011).

[17] Daughtery has not presented this argument in any of the proceedings below, and he has failed to give notice to the Attorney General as required by KRS 418.075 that a constitutional issue would be raised in this appeal.

## III.  CONCLUSION

For the reasons discussed above, we reverse the Court of Appeals' holding and remand the case to the trial court with directions to vacate its prior order and apply KRS 17.520(6) in a manner consistent with this opinion.

All sitting.  All concur.

COUNSEL FOR APPELLANT:

Daniel J. Cameron
Attorney General of Kentucky

Jeanne Deborah Anderson
Assistant Attorney General

COUNSEL FOR APPELLEE:

Nicholas Darrell Mudd
Mudd Legal Group