RENDERED: MARCH 24, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0394-MR

CHASE STONE                                                                  APPELLANT

v.         APPEAL FROM BALLARD CIRCUIT COURT
HONORABLE TIMOTHY A. LANGFORD, JUDGE
ACTION NO. 21-CR-00122

COMMONWEALTH OF KENTUCKY                                     APPELLEE

OPINION
VACATING IN PART AND REMANDING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; COMBS AND JONES, JUDGES.

THOMPSON, CHIEF JUDGE: Chase Stone appeals the trial court's imposition of court costs. Appellant argues that he is a poor person and the costs should have been waived. We agree; therefore, we vacate the portion of Appellant's conviction that requires him to pay court costs. We remand for the entry of a new judgment and sentence which waives the court costs.

## FACTS AND PROCEDURAL HISTORY

On March 18, 2022, Appellant was sentenced to two years in prison pursuant to a guilty plea.[1] He was also ordered to pay $185 in court costs and a $25 bond fee, for a total of $210 in court costs and fees. Appellant had secured his release prior to sentencing by paying $150 toward a partially secured bond.[2] At sentencing, the court indicated that it was going to release the bond and apply the $150 toward the court costs and fees. Appellant was then ordered to pay the remainder of the costs and fees by March 1, 2023. Appellant appeals the imposition of court costs.

## ANALYSIS

This issue was not preserved for review; therefore, we will review it for palpable error. *Jones v. Commonwealth*, 527 S.W.3d 820, 822 (Ky. App. 2017).

> A palpable error which affects the substantial rights of a
> party may be considered by the court on motion for a
> new trial or by an appellate court on appeal, even though
> insufficiently raised or preserved for review, and
> appropriate relief may be granted upon a determination
> that manifest injustice has resulted from the error.

---

[1] We note that this two-year term was to run consecutively with a six-year term of imprisonment stemming from another conviction for a total of eight years in prison.

[2] Appellant's bond was $1,500, but he was allowed to post a partially secured bond in the amount of $150. This was ten percent of the full bond amount.

Kentucky Rules of Criminal Procedure (RCr) 10.26. "[I]f upon consideration of the whole case the reviewing court does not conclude that a substantial possibility exists that the result would have been any different, the error complained of will be held to be nonprejudicial." *Jackson v. Commonwealth*, 717 S.W.2d 511, 513 (Ky. App. 1986) (citation omitted). This Court has previously held that the imposition of court costs on a poor defendant is palpable error. *Jones*, 527 S.W.3d at 822.

> Kentucky Revised Statutes (KRS) 23A.205 states:
>
> (1) Court costs for a criminal case in the Circuit Court shall be one hundred dollars ($100).
>
> (2) The taxation of court costs against a defendant, upon conviction in a case, shall be mandatory and shall not be subject to probation, suspension, proration, deduction, or other form of nonimposition in the terms of a plea bargain or otherwise, unless the court finds that the defendant is a poor person as defined by KRS 453.190(2) and that he or she is unable to pay court costs and will be unable to pay the court costs in the foreseeable future.
>
> (3) If the court finds that the defendant does not meet the standard articulated in subsection (2) of this section and that the defendant is nonetheless unable to pay the full amount of the court costs, fees, or fines at the time of sentencing, then the court may establish an installment payment plan in accordance with KRS 534.020.

KRS 453.190(2) defines a poor person as "a person who . . . is unable to pay the costs and fees of the proceeding in which he is involved without depriving himself or his dependents of the necessities of life, including food, shelter, or clothing."

On appeal, Appellant argues that he is a poor person and should not have been ordered to pay the court costs and fees. We agree.

> KRS 23A.205 contemplates three distinct and mutually exclusive classifications of persons: (1) those who are able to pay their costs, (2) "poor persons" who are not required to pay court costs at all, and (3) those who are not "poor persons," yet nevertheless cannot pay immediately and are entitled to enter into a payment plan.

*Jones*, 527 S.W.3d at 823. Here, during the sentencing hearing, the court asked if Appellant could pay the full amount of the court costs. He responded in the negative. Evidence in the record also indicates that, while Appellant is an able bodied person who could conceivably hold a job, he was unemployed at the time of sentencing.

In addition, Appellant moved to pursue his appeal *in forma pauperis*. The trial court granted the motion on April 1, 2022, finding that he was a pauper pursuant to KRS 453.190 and KRS 31.110(2)(b). KRS 31.110(2)(b) entitles a "needy person" to representation by an attorney even if they cannot afford one.[3] KRS 453.190(1), on the other hand, allows a "poor person" to proceed on appeal without paying any costs. The case of *Miller v. Commonwealth*, 391 S.W.3d 857, 870 (Ky. 2013), held that an appellate court can consider whether a defendant was

---

[3] A "needy person" for purposes of appointed counsel is not the same as a "poor person" for the purposes of waiving court costs. *Maynes v. Commonwealth*, 361 S.W.3d 922, 929 (Ky. 2012).

granted *in forma pauperis* status pursuant to KRS 453.190 in determining whether court costs and fees should have been waived.

Finally, Appellant's sentence was filled out on an AOC form. This form has a section allowing a defendant to pay costs and fees pursuant to an installment plan. This section was left blank by the court. Although Appellant was given just under a year to pay the costs and fees, he was specifically not put on an installment plan, his payment was only deferred. *See Chadwell v. Commonwealth*, 627 S.W.3d 899 (Ky. 2021).

Taking all the above information into consideration, we conclude that Appellant was a poor person who was entitled to have his court costs and bond fee waived. Appellant stated he was unable to pay the remainder of the costs and fees after the $150 was applied. He was also unemployed and was entering an eight-year term of imprisonment. These facts indicate Appellant was unable to pay the costs at present or within the foreseeable future; therefore, he does not fit within the *Jones* classification number one. Appellant was also not put on an installment plan; therefore, he does not fit within the *Jones* classification number three. Finally, fourteen days after Appellant was sentenced, the trial court considered him to be a poor person for the purposes of filing an appeal. Appellant could not pay the full amount of the costs at sentencing, will not be able to pay for the foreseeable future, and the trial court classified Appellant as a poor person for the

purposes of filing an appeal. This means that Appellant fits within the *Jones* classification number two and the court costs and bond fee should have been waived.

We believe the *Jones* case cited above supports our decision. In *Jones*, another panel of this Court held that the imposition of $160 in court costs to William Jones was erroneous. The Court held that Mr. Jones "had no job, assets or income, was facing a three and one-half year prison sentence, and had nothing but a phone card while in jail." *Jones*, 527 S.W.3d at 823. The Court in *Jones* also took into consideration the fact that the trial court considered Mr. Jones a poor person for purposes of filing an *in forma pauperis* appeal. *Id.* at 824. A similar situation is before us. Appellant was deemed a poor person for purposes of appeal, he has no employment, he is facing a multiyear sentence, and it appears the only asset he has is the $150 bond payment.

## CONCLUSION

Based on the forgoing, we vacate that part of Appellant's conviction which required him to pay court costs and the bond fee. Appellant is a poor person and those costs and fees should have been waived. The court's conclusion to the contrary was palpable error.

ALL CONCUR.


BRIEFS FOR APPELLANT:        BRIEF FOR APPELLEE:

Julia K. Pearson               Daniel Cameron
Frankfort, Kentucky         Attorney General of Kentucky

                                 Perry T. Ryan
                                 Assistant Attorney General
                                 Frankfort, Kentucky